May Term, 1845.

REDMAN
v.
GOULD.

---

## REDMAN and Another *v.* GOULD.

To maintain trover, the plaintiff must show that, at the time of the conversion, he had a right of property and of possession in the goods.

After a person has been declared a bankrupt, and his goods have passed to his assignee, he has no right of property or of possession in the goods.

The transcript of a record of the District Court of the *U. States* for another state, is, if properly authenticated, admissible evidence in the Courts of this state.

APPEAL from the *Floyd* Circuit Court.

SULLIVAN, J.—Trover by *Gould* against *Redman* and *Clark*. The defendants pleaded severally not guilty. There were also two special pleas which were demurred to, and the demurrers sustained. No error is complained of in the judgment upon the demurrers. The general issues were tried by a jury. Verdict and judgment for the plaintiff.

During the trial, the defendants offered to read to the jury the transcript of a record of the District Court of the *United States* for the District of *Missouri*, which was objected to by the plaintiff and the objection sustained. By the transcript offered in evidence, it appeared that *Gould*, the plaintiff in the suit, had been declared a bankrupt on the 13th day of *June*, 1842, by the District Court of *Missouri*, and that one *V. M. Gaseche* was, on the same day, duly appointed his assignee. The transcript was under the seal of the Court, attested by the clerk, and accompanied by a certificate of the district judge that the attestation was in due form.

It was proved by the plaintiff that, in the month of *June*, 1842, the defendant, *Clark*, took from the house in which the plaintiff's wife and two children were residing, during the ab-

*Wednesday, May* 28.

May Term, 1845.

sence of the plaintiff, the goods and chattels named in the declaration, and sold them. There was testimony also which, in the opinion of the jury, connected *Redman* with the conversion proved upon *Clark*. At this stage of the cause, it was competent for the defendants to prove that the property mentioned in the declaration had been transferred to, and had been taken possession of by, the plaintiff's assignee. In an action of trover the plaintiff, to maintain his suit, must have a right of property in the goods converted, as well as the right of possession, at the time of conversion. If the plaintiff had been declared a bankrupt at the time of the conversion, and the property, for the conversion of which the suit is brought, had passed into the hands of his assignee, it is manifest that the plaintiff had neither a right of property nor of possession. To prove those facts, the defendants offered the record from the District Court of *Missouri* as a part of their evidence. What other proof they intended to adduce, we do not know. It may be they were prepared to prove facts entirely inconsistent with the plaintiff's right of property or of possession. In the chain of evidence, the record was a necessary link, and the Court erred in rejecting it. In *Adams* v. *Lisher*, 3 Blackf. 241, it was decided, that the transcript of a record from a District Court of the *United States* was admissible as evidence in the Courts of this state.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Collins*, *W. Quarles*, and *J. H. Bradley*, for the appellants.

*R. Crawford*, for the appellee.