## MARTIN S. ROBISON AND J. H. ROBISON
### v.
## ALEXANDER HARDY AND W. H. METZGER.

*Trover—Right to Immediate Possession—Evidence—Admissibility of Subsequent Oral Agreement to Modify Written Contract.*

1.   It is essential to the right of recovery in trover that the plaintiff had a right to the immediate possession of the goods at the time of the conversion.

2.   After an agreement has been reduced to writing, in a case within the general rules of the common law, at any time before its breach, the parties may, by an oral agreement, waive, dissolve, annul or modify it; and evidence of such oral agreement is admissible in an action upon the original contract.

3.   In an action of trover against the defendants to recover damages for the alleged wrongful conversion of a large quantity of flaxseed, delivered to them for storage, upon which they had made certain advances, it is *held:* That the instructions given by the court were substantially defective, erroneous and misleading; and that evidence of a subsequent oral agreement, modifying the original contract, and evidence tending to prove that the defendants used the property in question with the knowledge and consent of the plaintiffs, were improperly excluded.

### [Opinion filed May 18, 1887.]

APPEAL from the Circuit Court of Cook County; the Hon. C. B. SMITH, Judge, presiding.

Statement by McALLISTER, P. J.   This was an action of trover, brought May 16, 1884, in the court below by appellees, Hardy & Metzger, against appellants, Martin S. & J. H. Robison, to recover for the wrongful conversion by the defendants of 40,000 bushels of flaxseed.   Plea, the general issue, trial by jury and verdict and judgment against the defendants for $6,121.05 damages, and they appeal to this court.

The evidence on behalf of plaintiffs tended to show that in July or August, 1883, the plaintiffs being residents of Logansport, Indiana, employed the brokers hereinafter men-

Robison v. Hardy.

tioned, who were commission merchants doing business upon the Chicago Board of Trade, to buy on plaintiffs' account, divers quantities of flaxseed to be delivered to said brokers respectively, at the City of Chicago at any time during the year 1883; that in pursuance of said employment, A. M. Henderson, as such broker, bought, according to the usages of said Board of Trade, 15,000 bushels of such flaxseed at the price of $1.24 per bushel; that J. W. Stanley, as such broker, bought 10,000 bushels of such seed at $1.25 per bushel; and that R. S. Wallace & Co., as such brokers, bought 15,000 bushels of such flaxseed at $1.25 per bushel; that each of said brokers paid for the flaxseed so bought by him and took in the usual way warehouse receipts for the same, which they respectively held subject to the payment by the plaintiffs of the purchase price, commissions and expense of storage of seed. The evidence shows that defendants were then and afterward carrying on the business of seed merchants under the firm name of M. S. Robison & Co., in the City of Chicago, and were operating a warehouse principally for the storage of flaxseed; and that they had negotiations with the plaintiffs some time in November, 1883, about storing seed for them, which the plaintiffs claimed culminated in a written contract, which they gave in evidence and is as follows:

" Office 105 Fifth Avenue,          "Flaxseed Elevator,
  " M. S. Robison & Co.          " Foot West Washington St.
                                 " Chicago, Nov. 30, 1883.

"We will store for Messrs. Hardy & Metzger, and carry until the opening of navigation, and deliver free on board vessel, five to twenty thousand bushels of flaxseed, inclusive, at seven cents per bushel ; or twenty to forty thousand bushels at six and one half cents per bushel. It is understood that we are to take the receipts from parties, as delivered to us, at prices at which they have bought it from parties, at nothing over one dollar and thirty cents, pay for the same, carry it and deliver it free on board vessel for seven or six and one half cents, as aforesaid, according to amount carried. This to include expense of storage, interest, insurance and all other

expenses, the amounts to be paid back to us when the vessel is cleared for sailing.

"M. S. ROBISON & Co.

"HARDY & METZGER.

"E."

The plaintiffs gave evidence tending to show that immediately upon the completion of said contract they made arrange. ments with their respective brokers aforesaid to turn over to the defendants the said warehouse receipts for flaxseed, to be kept and carried by the defendants under said agreement, and that the defendants received the same from said brokers by paying to the latter, respectively, the purchase price and charges thereon.

Plaintiffs proved the signature and offered in evidence the following receipts from the defendants:

"Office No. 105 Fifth Avenue,

"Flaxseed Elevator, foot West Washington St.

"M. S. Robison & Co., Seed Merchants.

"Chicago, 12-20, 1883.

"Messrs. HARDY & METZGER, Logansport, Ind.

"*Dear Sir:*—We have received for your account from A. M. Henderson, 15 M. bu. year seed at 1.24 per bu. on which we have paid them $178.95, and charged the same to your account. We have received from J. W. Stanley 10 M. bushels year seed at 1.25 on which we paid him $100 and have charged same to your account. We have received from R. S. Wallace & Co. 15 M. bushels year seed at 1.25, on which we have paid them $150 and have charged same to your account; the above seed to be carried either in store or in vessel and delivered f. o. b. vessel on opening of navigation at $6\frac{1}{2}$ cents per bushel.

"Yours truly,

"M. S. ROBISON & Co."

The plaintiffs further introduced in evidence an order indorsed by them on the back of the foregoing receipt and directed to defendants as follows:

"M. S. ROBISON & Co.

" Please deliver to Albert Dickinson, or order, free on board vessel, as he may direct, forty thousand bushels flaxseed, received by you for our account, as stated in the within paper, subject to the advances and charges named therein, to wit : Fifteen thousand (15,000) bushels at $1.24 per bushel, purchase money and $178.95.   Ten thousand bushels at $1.25 per bushel, purchase money and $100, and fifteen thousand (15,000) bushels at $1.25 per bushel, purchase money and $150, together with six and one-half cents per bushel, on the whole forty thousand (40,000) bushels, said advance and charges to be paid when said seed is delivered on vessel and cleared for sailing, as per your contract dated November 30, 1883.

"HARDY & METZGER.

" Chicago, April 18, 1884."

Plaintiffs gave evidence tending to show that said Dickinson, on April 22, 1884, demanded of defendants the said flaxseed, offered to pay them as directed in said order, but there was no evidence tending to show any payment or tender of price, expenses, etc., or of facts showing even ability to pay, but the evidence tended to show that defendants made no absolute refusal to deliver the seed on the said demand. There was evidence tending to show that such seed had advanced in price and that navigation had opened at the time of the demand.   There was no evidence tending to show that between the making of said contract of November 30, 1883, and the 5th day of the next succeeding December, there had been any breach by the defendants of said contracts and the defendants offered to prove that on the last mentioned day an oral agreement in reference to the same subject-matter as of said contract of Nov. 30th, was entered into between them and the defendants, to the effect that the plaintiffs should cause the said Henderson, Stanley and Wallace & Co. to turn over to the defendants their respective purchases aforesaid, of flaxseed, and that the defendants should have the right and privilege of using the same in the settlement of certain contracts of their own and should buy in the market an equal quantity

in their place, and that the defendants acted under that agree-
ment and used said seed in closing out deals of their own, and
the defendants offered to prove that they used and appropri-
ated said seed with the knowledge and consent of the plaint-
iffs.   But the court, upon objection by plaintiffs' counsel,
excluded all the evidence so offered.   To which defendants'
counsel duly excepted.   There was no evidence tending to
show that the plaintiffs were entitled to the possession of any
of the flaxseed or warehouse receipts in question before said
April 22, 1884, when navigation opened, but the evidence did
show that defendants had appropriated the same, as above
stated, during the fall of 1883 and that when the demand was
made, April 22, 1884, they had none of the property and could
not comply.

The presiding judge refused all the instructions asked by
counsel for the respective parties and of his own motion gave
the jury the following : .

"The paper dated Nov. 30, 1883, and signed by the parties
to this suit, is a legal and valid contract, and both parties are
bound by it.   Under this contract, the seed therein described is
described as the property of the plaintiff, and that fact can not
be contradicted—both parties are bound by its recitals.

"Now, in order to enable the plaintiff to recover in this case
he must prove :   First, that the defendants had his flaxseed
in their possession; and second, that they wrongfully sold
or disposed of the seed and applied it to their own use; and
these two things or propositions must be established by the
plaintiffs by a preponderance of the evidence.

"Now, if you believe from a preponderance of the evi-
dence that the defendants did execute the paper and con-
tract of November 30, 1883, and afterward received the flaxseed
therein specified, in whole or in part, and that afterward the
defendants sold said seed or applied it on their own contracts
and did not deliver the seed to the plaintiffs when demand
was made therefor at the time it should be delivered under
the terms of the agreement of 30th November, 1883, if such
demand was made, but that defendants refused to deliver the
same, then the plaintiffs are entitled to recover, provided the

Robison v. Hardy.

proof also shows that navigation was then opened as provided in said contract at the time the alleged demand was made."

To the giving of which instruction the defendants' counsel duly excepted.

Mr. JOHN BURKE, for appellants.

Messrs. BISBEE, AHRENS & DECKER, for appellees.

McALLISTER, P. J.   The declaration of the plaintiffs in this case contains but one count.   While the count is inartificially drawn and not in conformity with the usual precedents, yet the matters alleged constitute it a count in trover and for no other cause of action.   Besides, the case was tried and given to the jury upon the theory that the action was trover for the wrongful conversion by the defendants of 40,000 bushels of flaxseed of plaintiffs.

The propriety of the instructions to the jury given by the court must therefore be determined with reference to that action.

The court instructed the jury that in order to entitle the plaintiffs to recover they must prove:   First, that the defendants had the flaxseed of plaintiffs in their possession;   second, that defendants wrongfully sold or disposed of the seed and applied it to their own use;   and these two things must be established by the plaintiffs by a preponderance of the evidence. Then the court directed the jury, that if the defendants executed the contract dated November 30, 1883, *and afterward sold the seed or applied it on their own contracts* and did not deliver it to plaintiffs when demand was made therefor, at the time it should have been delivered under the terms of the agreement of November 30, 1883, but refused to deliver the same, then the plaintiffs were entitled to recover, providing the proof showed that navigation was then opened.

These instructions purport to direct the jury as to all the essentials of a right of recovery, but wholly omit to state anything respecting the necessity of a right of immediate

possession in the plaintiffs at any of the times referred to or respecting any payment or tender at the time of demand or any other time, of the money which, by said agreement, plaintiffs were bound to pay defendants as a condition to their right of possession, or respecting any offer or readiness or ability to pay, or of any waiver by defendants of such performance on the part of plaintiffs.

It is clear from the evidence that the plaintiffs had no right to the immediate possession of the seed in question at any time down to the period of the opening of navigation, in the spring of 1884; and without payment or tender of the price, expenses, etc., such right did not then accrue. Bloxam v. Sanders, 4 Barn. & Cres. 941.

It is essential to the right of recovery in trover that the plaintiff have a right to the immediate possession of the goods at the time of the conversion. Eisendrath v. Knauer, 64 Ill. 396; Caldwell v. Corwin, 9 Yerg. 199; Burton v. Tunnehill, 6 Blackf. 470; Redman v. Gould, 7 Blackf. 361; Lewis v. Mobley, 4 Dev. & B. 323; 1 Chit. Pl. 151; 2 Greenlf. on Ev., Sec. 636.

We are of opinion that the instructions adverted to were substantially defective, erroneous and misleading.

The next question for consideration arises upon the ruling of the court in excluding the evidence offered by the defendants to the effect that after the agreement aforesaid of November 30th, and on December 5, 1883, an oral agreement was entered into between the parties by which it was agreed, amongst other things, that the defendant should have the right and privilege of using the flaxseed receipts or seed in question, in closing out their own deals in such seed, and that they had acted upon such agreement and used the same under such license.

The court, as it appears from the record, held that because such new agreement was not in writing, to admit the evidence would be to hold that a written agreement could be altered by parol, which under the law was inadmissible. The court, for the same reason excluded a general offer by the defendants to prove that they converted said property to their own use with the knowledge and consent of the plaintiffs.

If there be any doubt about the defense of leave and license being admissible under the general issue to an action of trover, there was a stipulation with such plea that any legal defense might be shown which removes that doubt.

There is no pretense that, at the time when the alleged new oral agreement was made, there had been any breach of said agreement of November 30th. The question therefore is whether, under such circumstances, the evidence offered was competent. It is proper to observe that the transaction or contract in question was not in any respect within the provisions of the Statute of Frauds. The case therefore falls within the general rules of the common law. It is probable that no better statement of the rule applicable to the case can be found than that of Lord Denman in Goss v. Nugent, 5 Barn. & Ad. 665, where he says: "After the agreement has been reduced to writing it is competent for the parties in cases falling within the general rules of the common law, at any time before breach of it, by a new contract, not in writing, either altogether to waive, dissolve or annul the former agreement, or in any manner to add to or to subtract from or vary or qualify the terms of it, and thus make a new contract." Emerson v. Slater, 22 How. 28; Monroe v. Perkins, 9 Pick. 298; Wilgus v. Whitehead, 89 Pa. St. 131.

If the plaintiffs orally agreed that the defendants might use said receipts or the flaxseed in settling their own contract or deals in such seed, and the latter acted upon that agreement, it would be a manifest fraud upon them if the plaintiffs could afterward treat such act as a wrongful conversion and as a basis for damages. In Le Fevre v. Le Fevre, 4 Serg. & R. 241, parol evidence was admitted to prove an alteration of the course of an aqueduct established by deed. In passing upon the objection that this evidence was in direct contradiction to the deed the court said: "The evidence was not offered for that purpose, but to show a substitution of another spot. If this had not been carried into effect the evidence would not have been admissible ; but where the situation of the parties is altered by acting upon the new agreement, the evidence is proper; for a party may be admitted to prove by parol evidence that

after signing a written agreement the parties made a parol agreement, varying the former, provided their variations have been acted upon, and the original agreement can no longer be enforced without fraud on one party."

We think the court below erred in excluding the evidence offered to prove the new agreement and also the offer to prove that the defendants used said property with the knowledge and consent of the plaintiffs; for such evidence would support the plea of leave and license. In Ratcliff v. Pemberton, 1 Esp. 35, an action of covenant was brought upon a charter party of a ship to recover the demurrage settled by the instrument, which was at *per diem*, and the declaration stated that the vessel was to be discharged by a certain day mentioned in the charter party, whereas, she had been detained twelve days beyond the time so limited for her clearance, whereby the plaintiff became entitled to *per diem* demurrage for that time.

The case relied on for the defendant was that the plaintiff, who was master and owner of the ship, had consented to enlarge the time within which the cargo should be discharged, and had waived all claim to demurrage, and the defendant offered to prove that he could have discharged the cargo within the time limited, but that the plaintiff gave him leave to take out the cargo at his leisure, as he, plaintiff, was waiting for freight. Lord Kenyon held that the license and acquiescence of the plaintiff was a good defense and the evidence competent to support it.

For the errors pointed out the judgment below should be reversed and the cause remanded.

*Reversed and remanded.*