The opinion of the Court was delivered by
Gibson J.
In this action of replevin, Mary Miller, one of the defendants, avowed for rent in arrear, as having accrued after a particular day. The plaintiff pleaded riens in arriere, and, at the trial, offered evidence, that she had no claim to the premises, except through her late husband, as *357 whose property they were sold under the insolvent laws, and purchased by the plaintiff, in consequence of her having agreed to the sale, and advised him to become the purchaser. This evidence was rejected.
Nothing is more clear, than that the purchase, if made with the assent, and by the advice of Mary Miller, destroyed her claim to the rent, let her title separate from that of her husband be what it may. Against a person counselling another to buy, and representing the title as good, xtshallbe as represented to be. The evidence went to shew a dissolution of the previously existing relation of landlord and tenant; the question is, ought it to have been admitted under the issue presented by the pleadings ? An avowry, like a declaration, sets forth the nature and merits of the landlord’s case; and must distinctly state'every fact necessary to shew the distress was lawful, and, among others, the existence of a lease ; the existence of every fact not traversed, is admitted. Although since the act of .1772, which substantially agrees with the 2 G. 2. c. 19, nil habuitin tenementis, which admits the existence of the lease, cannot be pleaded to an avowry, still, the plaintiff may traverse the tenancy, Syllivan v. Stradling, 2 Wils. 201; and that course ought to have been pursued here : for it is clear, as well on principle,as from authority, that the plea of nothing in arrear, admits the existence of the tenancy, and puts the defence on matter subsequent. Alexander v. Harris, 4 Cranch, 299. Eviction, which operates as a suspension, is always pleaded specially in bar. 2 Chitty’s Pleading, 633. There is indeed a case., Horne v. Lewin, 2 Salk. 583, also reported in 3 Salk. 273, in which it was held, that to an avowry for rent in- arrear, a general replication, de injuria sua propria, absque hoc quod jitit in arretro, amounted to the general issue, and so was ill; but the sum of the decision was, that a plaintiff should not, by a plea in that shape, be allowed to put all the facts of the avowry in issue, -when his object was only to deny, that any thing was in arrear : not that riens in arriere, pleaded in any shape, or with any qualification, could put any thing beside the simple fact alleged by it, in issue. In truth, there can be no such thing as a general issue to an avowry; but some special point must be traversed. Scilly v. Dally, 2 Salk. 562. Riens in arriere, therefore, is a special plea in bar. As the plaintiff could not be permitted to shew. *358 that Mary Miller, at the time of the alleged demise, had no title, his course was, to plead non demisit, or, perhaps to plead the facts specially, which put an end to the tenancy; *n w^ck case he would have been entitled to shew, that whatever might have been the previous relation between them, every thing like tenure ceased on the day stated in the avowry. Not having done so, the evidence was properly excluded, and the judgment is affirmed.
Judgment affirmed.