The opinion of the court was delivered by
Duncan, J.
The defendant, M‘Clintock, avowed, and Smith, as his bailiff, made cognizance for rent in arrear, for a house and lot in Pittsburgh. The plaintiff replied no rent in arrear. The defendants pleaded non ceperunt. On the trial, the plaintiff contended, that inasmuch as by the defendants own showing, M'Clintock was himself but the tenant of Black, and the rent reserved to Black, and it not appearing whether the demise to the plaintiff was not of the whole term, and therefore, no reversionary interest appearing in MeClintock, he could not distrain; and called on the court so to instruct the jury.
It would have been worthy of great consideration, whether the court ought not so to have instructed, the jury, had the matter and nature of the tenancy been put in issue; but on the answer to the defendant’s avowry for rent in arrear, that there was no rent in arrear, this admits the existence of the tenancy, and puts the defence on matter subsequent. If the tenure of the plaintiff was questioned, this should have been pleaded. Issue being taken on the rent in arrear, this admits every other allegation in the avo wry. In Puller’s Nisi Prius, 50, it is said, that if the plaintiff plead riens in arrear in bar to an avowry, he cannot, upon such issue, give in evidence non tenure, and Chief Justice Maiishaia, in Alexander v. Harris, 4 Cranch, 303, in commenting on this, observes, (C consequently, the defendant cannot be required to show the tenure; for if it were necessary to show the tenure, the tenant would be at liberty to produce opposing testimony,” and concludes by stating, that the plea of no' rent in arrear, admits the demise, and the avow-ant is not bound to prove it. This question has received the determination of this court in Hill v. Miller and another, 5 Serg. & Rawle, 355, that pleading no rent in arrear, puts only that fact in issue, and that every special point must be traversed; that no rent in arrear, is not such a general issue as enables the plaintiff to give in evidence any other fact, but confines him to the simple allegation of no rent in arrear. The plaintiff in error could receive no *206 injury from the opinion of the court, as the matter on which the opinion was requested was not in issue, nor a subject then to be tried, and decided on; it was admitted by the pleadings.
The other objection arises from the verdict and judgment, on the issue of non eeperuni, there being a general verdict for the defendant, the verdict is entered for defendants on that issue. But the court cannot say, that finding the sum in arrear for rent, is finding the value of the goods distrained, for that would be converting the court into a jury. The judgment is not a judgment under the act of 21st March, 1772, but may be considered, and so I consider this judgment, as a judgment at common law, simply a judgment de retorno habendo irreplevisable, and not for the rent in arrear. To warrant such judgment, the act requires not only that the amount of the rent in arrear, but the value of the goods distrained should be found by the jury.
The attempt to distinguish this case from Albright v. Pickle, 4 Yeates, 264, is quite abortive. That there was in that case no plea of non ceperunt, makes no difference; for that, as I have already stated, is disposed of by the general verdict for the defendants. The plaintiff here did call for the inquiry into the value of the goods distrained, but the act authorizes the defendant and not the plaintiff: for the defendant may, notwithstanding the act, proceed as at the common law. But if he chooses so to proceed, he must be satisfied with a common law judgment. If the defendant omits to have this done, no other jury can afterwards make it; no writ of inquiry can go. The defendant cannot enter up his judgment according to the act, and proceed by fi. fa. or ca. sa: He must resort to his common law judgment, and sue oat his writ pro retorno habendo. Carth. 362. 1 Lev. 255. 2 Sellon’s Pr. 185. If the jury proceed under the act, they must not only inquire of the amount of rent, but the value of the goods. They must find both, for the act must be strictly complied with. Considering this as a judgment de retorno habendo, at common law, there is no error in it. Much has been said with respect to the landlord’s right to recover from the pledges in the replevin bond, the whole amount of rent in arrear, without relation to the value of the goods dis-trained. That question is not before the court, nor will they give any opinion on it. When it arises it will be time then to decide it They will not anticipate the result of any experiment the landlord may think proper to make.
Judgment affirmed.