# Mitchell *against* Willock.

An assignee under a voluntary deed of assignment for the benefit of creditors is not required to take immediate possession of the goods assigned; he may suffer them to remain in the possession of the assignor for thirty days without subjecting them to an execution of a creditor of the assignor.

ERROR to the District Court of *Allegheny* county.

John Willock, assignee of Merrick Munson, against Daniel E. Mitchell and George Hamilton.

This was an action of *trespass vi et armis*, brought by the defendant in error against the plaintiff in error, Mitchell, who was con-

[Mitchell v. Willock.]

stable, and Hamilton, who was plaintiff in the execution by virtue of which the property in controversy was levied and sold.

On the 17th of June 1839, Merrick Munson executed to the plaintiff a voluntary assignment of all his property, in trust for his creditors, upon the ordinary terms and in the usual form, which was recorded the same day.

On the 21st of the same month, an inventory and appraisement of the personal property were made; and on the 9th July 1839, the assignee filed his bond required by the Act of Assembly.

On the 12th of June 1839, George Hamilton obtained judgment against the said Merrick Munson, before a justice, for a debt of $68, and on the 3d day of July 1839, an execution was issued, directed to Daniel Mitchell, constable, on which a levy was made the same day, and the goods removed and subsequently sold, and the proceeds applied to the payment of the judgment.

Dallas, President, instructed the jury that leaving the property in the possession of the assignor, under the circumstances of this case, was not fraudulent, and that there was such a possession in the assignee as entitled him to recover in this action.

*Hampton*, for plaintiff in error, argued that the assignee was bound to remove the property, and not suffer it to remain, where it had always been, in the possession of the assignor; thus giving him a credit by which he might deceive the public; and cited 17 *Serg. & Rawle* 254; 10 *Serg. & Rawle* 202, 428; 14 *Serg. & Rawle* 214; 5 *Serg. & Rawle* 275; 6 *Watts* 459.

*M'Candless, contra.* The Act of 14th June 1836, which makes provision for the conduct of an assignee under a voluntary assignment for the benefit of creditors, allows thirty days in which he is to qualify himself to take possession of the property by giving bond, making an inventory and appraisement, and filing the same: by which it is manifest that time was allowed in which, although the legal possession is in the assignee, he need not remove the property or take actual possession of it.   5 *Watts* 373; 3 *Rawle* 343; 2 *Binn.* 174.

The opinion of the Court was delivered by

Rogers, J.—The retention of the possession of goods by a mortgagor or vendor, is fraudulent *per se*, and void against creditors.   This was ruled in *Clow* v. *Woods*, (5 *Serg. & Rawle* 275), and has been since extended to a partial or general assignment for the benefit of creditors, in 10 *Serg. & Rawle* 202, and 17 *Serg. & Rawle* 251.   These cases would be decisive in favour of the execution creditor, but for the Act of the 14th of June 1836. But by that Act it is made the duty of the assignee under a voluntary assignment, *within thirty days*, to file an inventory or schedule of the estate assigned, with an affidavit of the assignee,

[Mitchell v. Willock.]

&c., that the same is full and complete. The assignee is required to have the goods appraised, and the appraisement filed, and also to give bond with two sureties in double the amount of the appraised value of the estate assigned. These provisions are intended for the security of the assignor as well as the creditors, and it may be well doubted whether the assignee, without their assent, would have the right to remove the goods (although the legal possession is cast upon him), until these prerequisites of the Act are complied with. As it was foreseen that in many cases these directions could not be immediately observed, the legislature has given thirty days for the performance of these conditions. In the intermediate time it cannot be doubted that the property passes so as to exempt it from execution. It is not required that actual possession be taken; the goods being suffered to remain in the possession of the assignor, who, for the purposes of the trust, is the agent of the assignee. The possession of the goods is consistent with the deed, and the object and intention of the assignment; and it cannot therefore properly fall within the principle ruled in *Clow* v. *Woods*. It would carry a salutary principle to an unreasonable extent, if we held that the conduct of the assignee, rendered expedient if not necessary by a Statute, should nevertheless avoid the assignment.

Judgment affirmed.