## Mann, Assignee, etc., v. Reed.

1. *Execution—Must Be Under Seal.*—An execution issued from a court of record, which lacks the seal of the court, is void.

2. *Chattel Mortgages.*—A chattel mortgage which covers a stock of merchandise which is to be sold and disposed of in the ordinary course of trade, is fraudulent and void as against other creditors of the mortgagors.

3. *Assignment for the Benefit of Creditors—Acknowledgment and Record.*—An assignment for the benefit of creditors is valid without being acknowledged or recorded, or without the assignees giving a bond. There are no negative words in the statute, and as the acknowledging and recording are not an essence of the thing done, and the substantial purposes of the act may be accomplished without either, these provisions of the law are directory only, and the assignee may act without giving bond as a *de facto* assignee.

4. *County Court—Jurisdiction in Assignments for the Benefit of Creditors.*—The County Court has jurisdiction to order a sheriff to make a return of assigned property to the assignee, which has been illegally levied upon after the assignment.

5. *County Courts—Power to Determine the Extent of Their Jurisdiction.*—A County Court has jurisdiction in the first instance to determine what interest passes to the assignee. It is inherent in all courts in general to determine the extent of their own jurisdiction, subject to reversal for error in judgment. Where a writ of execution is issued from another court and is levied on property assigned, and such writs for any reason do not create valid liens, the assignee may, under the order and direction of the County Court, institute proceedings in the proper forum for the recovery of the property.

6. *Notice to Agent, Notice to Principal.*—It is a principle of law that the principal is held to the notice acquired by his agent for all facts coming to the knowledge of such agent in the course of his employment.

7. *Assignment for the Benefit of Creditors—Policy of the Law.*—It is the policy of the statute to expose and correct frauds, for the benefit of creditors, and compel equal distribution of the proceeds of the assets under the assignment, rather than to declare the assignment void·

Mann v. Reed.

Hence the statute provides that all provisions in the deed of assignment preferring creditors, shall be void.

8. *Assignment for the Benefit of Creditors.—Office of Recording, etc.*—While the statute requires an assignment for the benefit of creditors to be recorded, the only office of the record is constructive notice of its having been made, and when there is actual notice of the assignment the same rule as to taking possession by the assignee of the assigned property prevails in the one case as in the other.

9. *Assignee—When His Authority Begins.*—The person named in a deed of assignment is the legal assignee from the time he receives the assignment and commences to act under it, and is fully qualified to act as such from that time; and if he is endeavoring to get possession of the assigned property, it will be illegal for the holder of the chattel mortgage to seize it and thereby deprive the assignee of the custody of it, as it would be illegal to deprive the County Court of the jurisdiction, and in such cases the County Court would have power to order it returned to the assignee, he being the agent of the court.

10. *Chattel Mortgage—Power of Sheriff Under.*—It is no part of the sheriff's duty to foreclose a chattel mortgage, and if he does foreclose one he occupies the position of the private agent of the holders of the mortgage.

11. *Assignment—Improper Preferences.*—If a creditor has sought to obtain an improper preference, it will be the duty of the court to disallow it, and put his claim upon an equal footing with other creditors. It is the duty of the sheriff to aid the court in this particular, and not to endeavor to obtain improper preferences over judgment creditors who have caused executions to be placed in his hands.

12. *Tacking Possessions—Priority of Liens—Executions and Chattel Mortgages.*—An officer had two executions in his hands and with them went to the store of the defendants, and, entering, announced that he levied upon the goods. He then left the store for a short time. During his absence the defendants made an assignment for the benefit of the creditors and delivered it to the assignee who took possession of the goods and posted a notice to that effect. When the sheriff returned he had a chattel mortgage under which he sought to take possession of the goods. *It was held,* that the assignee's claim to the property was prior in point of time to that of the sheriff as agent for the collection of the mortgage, and in case one possession could be tacked on to another at the termination of the first, the assignee would have the first right under the deed of assignment as he made the first attempt to gain such possession from the sheriff? He was therefore ahead in priority of time and the mortgage claim could gain no additional rights by being placed in the hands of the sheriff who held the execution.

Memorandum.—Petition under the act relating to assignments for the benefit of creditors. Appeal from the County Court of Kane County; the Hon. C. H. Donnelly, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

Botsford & Wayne, and C. H. Fisher, attorneys for appellant.

Irwin & Egan, John A. Russell, and John L. Healy, attorneys for appellee.

Opinion of the Court, Lacey, J.

This was a proceeding in the County Court, on the petition of the appellant, seeking to compel the sheriff of the county to turn over to him a certain stock of goods consisting of merchandise. The appellant was the assignee of Stolt & Coffin, insolvents, who had executed to him a deed of assignment for said goods for the benefit of their creditors. The County Court, on hearing appellant's motion to turn over the goods to him, overruled it, and dismissed appellant's petition. From this order of the County Court this appeal is taken and reversal asked. The petition avers that the deed of assignment of Stolt & Coffin was delivered to the appellant on the 3d day of December, 1892, at 12:25 o'clock, p. m., and that he took immediate possession of the store building and the assigned goods therein contained by posting upon the outside of the front door of the building the following card: " Store closed, in hands of assignee. J. P. Mann, assignee." That such notice remained on the door until the 5th of December, 1892, about 2 o'clock, p. m., when it was removed by the deputy sheriff and he ejected the appellant from the store and took exclusive possession. That while appellant held possession he proceeded to take an inventory of the goods, but was dispossessed, as stated, while so doing, by the deputy sheriff. The appellant tendered his assignee's bond in his petition. Indorsed on the petition was the consent of the First National Bank, the plaintiff in the first two executions against Stolt & Coffin, under which appellee had levied and claimed to hold the goods, " that the goods may be turned over to assignee, sub-

ject to any prior liens that may exist by reason of the lien of said execution in its favor." Dated December 6, 1892, the same date of the filing of the petition in the County Court.

The appellee answered and claimed to hold the goods as sheriff under two executions issued from the judgments by confession, entered the same day from the City Court of Elgin, first, against J. F. Stolt and William Wahl for $510, indorsed, received 12 M. December 3, 1892; and another execution issued from the same court, for $3,507, against John F. Stolt, Augusta Wahl and William Wahl, received by the sheriff at 11 o'clock A. M. Both executions were indorsed, levied on stock and fixures in store No. 12 in Grove avenue, being the store of the insolvents, December 3d, at 1:25 o'clock, P. M. Appellee also claimed to hold the goods under execution issued out of the same court in favor of Hood, Faulkrod & Co. against John F. Stolt and William H. Coffin, the insolvents, for the sum of $8,632.43, received by the sheriff at one o'clock and fifty minutes, P. M., and indorsed by appellee as sheriff, levied on the said goods. This execution lacked the official seal of the court from which it was issued and was void. The appellee also claimed to hold the goods by virtue of a chattel mortgage executed by the insolvents to R. D. Johnson, assigned to Hood, Faulkrod & Co., which came to his hands shortly after the last of the two first executions was received, and was for the sum of $8,657.39, and was dated April 6, 1892, and acknowledged and recorded the same day, and covered the goods in the store and certain fixtures. The chattel mortgage covered the goods which were to be sold and disposed of in the ordinary course of trade, and was therefore fraudulent and void as against other creditors of the insolvents and each of them, except, perhaps, as to the fixtures. The appellee, as sheriff, claims the writs and mortgage were severally levied on the said goods at the time they were received respectively, and that he has ever since held possession. The appellee admits that after the levy of the writs on the executions in favor of the First National Bank appellant claimed

to have a deed of assignment from Stolt & Coffin of said stock of goods, but denies he had possession. Appellee interposes the objection to surrendering the goods, that there was fraudulent collusion between the insolvent, appellant and the First National Bank, to allow the bank to obtain a preference as against other creditors. That no delivery of the assigned goods was ever made to appellant and that he was never in possession; that the assignment bears date December 3, 1892, and was filed for record December 5, 1892, and presented in County Court December 6, 1892, and that the assignment was void as against creditors.

There is no dispute from the evidence that, after the levy of the executions in favor of the First National Bank at 12:25 P. M., appellee, by his deputy, J. S. Tuttle, who made the levy or attempted levy, went out of the store, leaving appellant in charge, and at that time the appellee did not have the chattel mortgage in question but obtained it about 1:55 P. M. at the office of Tuttle, from Mr. Healy, an attorney; that Tuttle went back to the store and opened the door and found Stolt & Coffin absent and saw the notice set out in appellant's petition on the door, and asked appellant what it meant, and he said an assignment had been made to him since Tuttle had gone out. The disputed points are whether appellant had a joint possession of the goods with the appellee or whether he was acting solely as the custodian of the sheriff. It seems certain from the evidence, that after he received the assignment he claimed to have custody of the goods, while recognizing the rights of the sheriff to hold them under his levy of the bank executions, but nothing further. The deputy sheriff and appellant started to make an inventory.

It appears from the testimony of the deputy sheriff, Tuttle himself, that while the appellant was in the store claiming rights under the assignment, they agreed to take an inventory of the goods, and appellant was to take a copy of it, and they agreed on the young lady clerks in the store to make an inventory and were to give appellant a copy. Appellant was in the store until 5:30 P. M. Monday, taking

at that time a copy of the inventory, and Tuttle ordered him not to do it, and then ejected him from the building.

Tuttle further testified that " I learned of the assignment when I went there (to the store) the second time, and Mann put the sign on the door after the execution and mortgage of Hood, Faulkrod & Co. came to my hands," but it was before he attempted to gain any possession under them. We think, however, the evidence shows it was before such possession of execution and mortgage.

On the other hand, it is claimed by the appellant, that the deputy sheriff failed entirely to make a levy on the bank execution the first time he came to the store, and that, as soon as he left, appellant got the deed of assignment and took exclusive possession of the goods. But afterward, we think the evidence shows he recognized the deputy's possession under the first two executions, though claiming the right to a joint possession under his deed of assignment, and this claim and his actual presence in the store, under such claim, was prior to the time appellee's deputy received the chattel mortgage, and prior to the time the deputy claimed any rights under the chattel mortgage, as agent in behalf of appellee, to foreclose it.

It is first important to determine whether the appellant's deed of assignment was valid, without being recorded, and without his having given bond prior to the filing of his petition. That question has been fully determined, affirmatively, in the case of Farwell et al. v. Cohen, 138 Ill. 216. The court said, in substance, that an assignment is valid without acknowledgment or recording. There are no negative words in the statute, and as the acknowledging and recording are not the essence of the thing done, and the substantial purposes of the act may be accomplished without it, those provisions of the act are held to be directory only; also the assignee may act, without giving bond, as a *de facto* assignee.

It is held, in Farwell et al. v. Cohen, *supra*, the requirement of acknowledging the deed of assignment is directory, and that the deed is valid without it; and the court

says that, when the deed of assignment is delivered, the assigning debtor does all he can, and that it takes effect when the possession of the property is delivered to the assignee, and this was in a case where there was no acknowledgment or recording. The same rule as to delivery is held in case the assignment is recorded. In Lowe v. Matson, 140 Ill. 108, where the assignment had been recorded, it was held that the recording of the assignment served as a constructive notice of the assignment, and while it held possession of the property by the assignee, was essential to his title against third parties, the same as had been held in cases decided by the court before. It was held that the conveyance by assignment was not like an ordi_ nary sale of personal property, where retention of possession by the seller rendered the sale void for fraud *per se ;* and that the assignee occupied the position of court receiver and had a reasonable time to get possession of the assigned goods, and, in the meantime, the transfer was complete and no other rights could intervene.

In Yates et al. v. Dodge, etc., 123 Ill. 50, where the deed of assignment had not been recorded, it was intimated that actual knowledge by one seeking to acquire a lien on the assigned property by attachment, would operate the same as a record of the assignment, and the lien was sustained on the ground of absence of notice to the plaintiff in attachment. From these different decisions and the reasoning of the court, the conclusion is reached that the only office of a record of the assignment is constructive notice of its having been made, and that where there is actual notice of the assignment, the same rule as to taking possession by the assignee of the assigned property prevails in the one case as in the other.

What we shall say hereafter, in this opinion, will be on the basis that the appellant was a legal assignee from the time he received the assignment, and commenced to act under it, and was fully qualified to act as such from that time, and if he was endeavoring to get possession of the property in question, it would be illegal for the agent of the

Mann v. Reed.

holder of a chattel mortgage to seize it, and thereby deprive the assignee of the custody of it, and it would be as illegal to deprive the County Court of the jurisdiction, and in such case the County Court would have jurisdiction to order it returned to the assignee, who is the agent of the court. So it was held by the Supreme Court in Lowe v. Matson, *supra*, that the County Court had jurisdiction to order a sheriff to make a return of assigned property to the assignee, which had been illegally levied upon after the assignment. , A County Court has jurisdiction in the first instance to determine what interest passes to an assignee of the court. Davis & Co. v. Chicago Dock Co., 129 Ill. 180. It is inherent in courts in general to determine the extent of their own jurisdiction subject to reversal by an Appellate Court for error in judgment. Where writs of execution are issued from another than the County Court, and are levied on property assigned, and such writs do not for any reason create valid liens, the assignee may, under the order and direction of the County Court, institute proceedings in the proper forum for the recovery of the property. *Ibid.* But, where an officer, holding such writs, improperly interferes with the jurisdiction of the County Court, and makes an unauthorized levy, then the County Court has jurisdiction to order a return of the property. Lowe v. Matson, *supra*.

The question before us is, did the County Court correctly decide in refusing to order appellee to turn over the property to the assignee? Conceding the City Court of Elgin had jurisdiction of the property in question levied on by appellee under the bank execution in the first instance, it, by the consent of the plaintiff, lost jurisdiction of the subject-matter of the levy on the assigned property. In such cases the County Court may deal with the property levied on " to all intents and purposes as if it had acquired possession of it prior to the levy," subject, however, to existing liens. Plume & Atwood Mfg. Co. v. Caldwell, 136 Ill. 163. The plaintiff in execution controls the possession of the officer, and may at any time allow the assignee to take possession of the property, he being substituted for the sheriff.

The execution of Hood, Faulkrod & Co., being void for the want of the seal of the court issuing it, renders it unnecessary to notice that levy. There remains to be considered the rights of the chattel mortgage in the hands of the appellee, and how far it could prevent the County Court from ordering the property to be turned over to appellant. As respects the mortgage appellee occupies the position of private agent of Hood, Faulkrod & Co., to foreclose it, it not being any part of a sheriff's legal duty to foreclose chattel mortgages.

What position did he occupy as such agent? The evidence shows that prior to the time he claimed to hold a qualified possession under the void execution or the mortgage, he had actual notice of the execution and delivery of appellant's deed of assignment from Stolt & Coffin. After he had made the levy on the first two executions he went away from the building where the goods were situated, and shortly afterward returned with the void execution and chattel mortgage, and before he attempted or could attempt any levy under them, he saw appellant's notice posted up on the outside door of the store building stating that appellant was assignee of Stolt & Coffin, and held the goods as such, and he was further informed that such an assignment for the benefit of creditors had been made. Thus actual notice supplies every species of constructive notice, such as a recording of the deed of assignment and actual possession of the assignee, and other such modes of notice. Yates et al. v. Alice Dodge, Ex'x, *supra;* Lowe v. Matson, *supra.* Tuttle, the deputy sheriff, by whom the levies were made for the sheriff, was the sub-agent of the appellee, acting for Hood, Faulkrod & Co., claiming a sort of possession under the mortgage, and had notice of the assignment as before stated. It is a principle of law that a principal is held to the notice acquired by his agent of all facts coming to the knowledge of such agent in the course of his employment. If, then, the holders of the chattel mortgage knew of the fact of the assignment, and by virtue of it, appellant was attempting to get possession of the assigned property under it, they would not be legally entitled to take pos-

session of the property, and possession in such case would be illegal, especially if appellant had not had a reasonable time to take possession after receiving the deed of assignment. Yates v. Dodge, *supra;* Lowe v. Matson, *supra.* At the time the deputy sheriff was attempting to get possession, or a secondary possession, if such it can be called, under the chattel mortgage, appellant was resisting it, and was claiming a joint possession with the appellee, the sheriff, which the deputy well knew. It was held by the Supreme Court in Hanchett v. Waterbury, 115 Ill. 220, that "upon the making, filing and recording of the assignment with the lists, schedules annexed, the County Court wherein such assignment is filed and recorded by operation of law, at once acquires jurisdiction over, becomes possessed of all the property and estate embraced within the assignment, subject, of course, to all prior liens and just claims third parties may have upon it." It could not be permitted for appellee, as the agent of Hood, Faulkrod & Co., to run a race with the assignee for the possession of the property, even if it were not impossible by reason of appellee's prior possession under the execution. The assignee is the trustee of the creditors as well as the insolvent assignors; and the creditors should not be held responsible for any breach of duty on his part to the extent of authorizing other frauds to be committed. Plume & Atwood Mfg. Co. v. Caldwell, *supra.* This is a remedial statute, made to prevent fraud, and as itself declares, should be liberally construed to that end. Railroad Co. v. Crane, 102 Ill. 249. The appellee set up in his answer that an unjust preference was being attempted to be gained in favor of the bank by its collusion with the insolvents and the proposed assignee, and therefore the assignment was void. We think that would not be the case.

It seems to be the policy of the statutes for courts to expose and correct all frauds rather than to hold the assignment void for fraud, to correct fraud for the benefit of creditors, and to compel an equal distribution of the proceeds of the assets to the same, rather than to declare the assignment void. Hence the statute provides that all pro-

visions in the deed of assignment preferring creditors should be void. If the bank has sought improper preference it will become the duty of the court to disallow it, and put it on an equal footing with other creditors, and it should be the duty of the appellee to aid the court in that particular, instead of endeavoring to obtain other improper preferences for his principals.

There is no question of conflict of the County Court with any other court as to its jurisdiction. The only contest is between the appellee, as the agent or owners of the mortgage, and appellant, as the assignee of the goods in question. By the action of the plaintiff in the execution levied on the property, the sheriff has no right any longer to claim to be acting under the jurisdiction of the City Court of Elgin.

In respect to another view of the case where appellee claims possession of the goods as the agent of Hood, Faulkrod & Co., owners of the mortgage, we have to say that that claim has ceased to exist, and that he, as sheriff, has no option but to surrender the property as held by him into the hands of the assignee. He has no right to interpose any agency or other pretense to still hold the property. Having once surrendered it, as he is bound to do, what becomes of his claimed possession as agent for the holders of the mortgage? Appellee's acceptance of the chattel mortgage for collection was purely a private matter. He could not receive it like a second execution issued from the same jurisdiction. If he does accept it as an agent for collection, he must wait until he has done his complete duty respecting his levy and the collection of his execution before he can take possession of any portion of the property as agent. His mortgage can only be held to be collected in case there is a surplus after satisfying the executions; he has no right to omit any of his duties as sheriff for the benefit of such claim. He is a sworn officer, and must execute the duties of his office faithfully. Whatever the plaintiff in execution orders to be done to facilitate their collection, the sheriff is bound to execute. The holders of the mortgage have no rights or equities that ought to embarrass the plaintiff in executions

Mann v. Reed.

in turning over the property to the assignee.   The assignees of the mortgage, and the appellee, their agent, are in no better position than if some person other than the sheriff had had possession of the mortgage for collection.   When the jurisdiction over the property and the levies thereon is given over to the County Court, the sheriff, as the agent of the mortgage holders, will simply hold it for collection without possession of the property.   He will be obliged to present it to the assignee for payment, and if he refuses it, the appellee will be compelled to present it to the County Court for adjudication.   The only party who had any claim or right to retain the property, as against appellant, was the sheriff, by force of the bank executions; his right, however, terminated after the consent of the plaintiff therein to surrender it to the assignee.   The County Court obtains complete jurisdiction.

In another view of the case, the appellant's claim to the property as assignee, was prior in point of time to that of the appellee, as agent for the collection of the mortgage, and in case one possession could be tacked on to another so as to commence at the termination of the first, it will be observed that the appellant would have the first right under the deed of assignment, as he made the first attempt to gain such possession from the sheriff.   He was, therefore, ahead in priority of time, and the mortgage claim could gain no additional rights by being placed in the hands of the sheriff who held the executions.

The extent of the rights of the holders under the mortgage to priority, is not now before us; that question will be a matter for settlement by the County Court.

From what has been said it will be seen that the County Court erred in not allowing appellant's motion for an order from the court requiring the appellee to turn over the assigned property to him; therefore, the order of the court below is reversed and the cause remanded with instructions to the court to grant the motion, and order the appellee to turn over the assigned property to the appellant.