### Franklin MacVeagh et al. v. Chase & Sanborn.

1. Voluntary Assignments—*Time Allowed to Take Possession of Property.*—An assignee appointed under our statute concerning general voluntary assignments by insolvents for the benefit of creditors, has a reasonable time in which to gain possession of the assigned property, and is not required to run a race with other claimants, in order that by first obtaining possession his title may be made perfect.

2. Deeds—*Presumption as to Delivery and Acceptance—When They*

*May Be Rebutted.*—It will be presumed that a grantee will accept a deed which is beneficial to him, and where a deed has been properly acknowledged and recorded, a delivery will be presumed; but these presumptions will yield to the facts which may be established.

3.  Deeds—*Acceptance—Effect of, on Liens.*—An acceptance of a deed is essential to pass title to property intended to be conveyed thereby, and if a lien attaches to property conveyed by deed after the deed is signed and recorded, but before it has been accepted, such lien will not be divested by a subsequent acceptance.

**Assignment for Benefit of Creditors.**—Appeal from the County Court of Cook County; the Hon. Charles H. Donnelly, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed October term, 1896.

## Statement of the Case.

The appeal in this case is from an order entered by the County Court of Cook County, in the proceedings under the assignment of William Musk, denying to the appellants their claim to a lien on certain assets of the estate, under an attachment sued out from the Circuit Court of Cook County, and levied upon the property before the assignee obtained possession. The facts, as shown by the evidence, and as recited by the Circuit Court in its final order, are substantially these:

William Musk had been doing business as a grocer and marketman, on Sixty-third street, in the city of Chicago, and as such had become indebted to MacVeagh & Co., in the sum of $3,937.20. On the morning of July 2, 1895, as Musk had absconded, MacVeagh & Company sued out an attachment in the Circuit Court of Cook County and placed the writ in the hands of the sheriff, who immediately proceeded to Musk's store and levied upon his stock. It appears that a few moments prior to attachment, there had been filed in the office of the county clerk, a deed of assignment ·from Musk to the Chicago Title & Trust Co., as assignee, and shortly after the deputy sheriff levied on the property, Mr. Boyd, claiming to represent the assignee, appeared on the scene and demanded possession of the property, which was refused.

The deed of assignment, although it was evidently prepared and intended to be signed by the assignee as evidence of an acceptance of the trust created by the deed, was not so signed, nor had the assignee at the time the sheriff levied, filed a formal acceptance of the assignment, or made itself a party to the instrument, in any manner.

The right of the assignee to the property being thus disputed, and the property being actually in the possession of the sheriff, who claimed to hold it for the benefit of the attaching creditor, the assignee, being unable to obtain possession, resorted to negotiation. MacVeagh & Co. declined to allow the sheriff to turn the property over to the assignee, unless their lien was recognized to the same extent that it would be if the property remained in the sheriff's hands; that is to say, that if they succeeded in sustaining their attachment on a trial in the Circuit Court, they should be first paid out of the proceeds of the sale of the property. This the assignee assented to; reported the facts to the County Court, and obtained from that court an order authorizing an agreement to that effect, with MacVeagh & Co. and the sheriff; thereupon the following written contract was entered into between the assignee and MacVeagh & Co.:

"County Court of Cook County.

In the matter of the voluntary assignment }
                of                          }
        William Musk.                      }

It is hereby stipulated and agreed by and between the Chicago Title & Trust Company, assignee of the above named insolvent, and Franklin MacVeagh & Co., that a deed of assignment was, on the day of the date hereof, made and delivered to the above named assignee, and that on going to the place of business of said William Musk, at Nos. 555–557 Sixty-third street, said assignee found the sheriff in possession of the stores and contents of said insolvent, at said numbers, under and by virtue of a writ of attachment issued from the Circuit Court of Cook County, wherein Franklin MacVeagh & Co. are plaintiffs and said William

Musk is defendant, said writ bearing date July 2, 1895; and whereas, it is to the interest of all parties concerned, for the preservation of said estate, that said business be, at least temporarily, conducted by the assignee, it is therefore hereby stipulated and agreed that the sheriff of Cook county may turn over to said assignee all of the property now in his possession and so levied upon, under and by virtue of said attachment writ, it being understood and agreed that the lien of said writ on said property shall attach to the net proceeds thereof, in the hands of the assignee, and if said attachment, on the trial thereof in said Circuit Court, shall be sustained, the judgment rendered in favor of the plaintiffs in said suit, shall be paid out of such proceeds, to the extent of the proceeds of the property thus attached. And the parties hereby consent that an order may be entered by the County Court, to carry out this stipulation.

Chicago, July 2, 1895.

Chicago Title & Trust Company, Assignee,
By Henry W. Leman, 2d Vice-President.

Franklin MacVeagh & Company,
By Tenney, McConnell & Coffeen, Attys."

The property was not turned over on July 2d, owing to a delay caused by other attaching creditors, and on July 5th another order was entered, reciting the making of this contract between the Chicago Title & Trust Co., assignee, and MacVeagh & Co., approving it, and making a somewhat similar provision as to the liens of other attaching creditors. The property was then turned over to the assignee, and, under the consent which MacVeagh & Co. had given in their contract, the assignee continued to run the business formerly carried on by the insolvent, and finally sold the property, and now holds the proceeds, amounting to $2,700.

Some time after this, a petition was filed by Chase & Sanborn, creditors of the insolvent, in which they allege that the title of the assignee was superior to any claim of MacVeagh & Co., under their attachment; that the court, therefore, ought not to have authorized the assignee .to enter into such a contract; that MacVeagh & Co. ought not

to have entered into that contract; and therefore the court ought to set aside both the contract and the orders authorizing and confirming it, and disregard the priority of the attachment, and distribute the fund *pro rata.*

An order in accordance with this petition was entered,. from which order appellants prosecute this appeal.

TENNEY, McCONNELL & COFFEEN, attorneys for appellants.

SMITH, HELMER, MOULTON & PRICE, attorneys for appellees.

JESSE HOLDOM, attorney for Chicago Title and Trust Company, assignee, appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The assignee appointed under our statute concerning general voluntary assignments by insolvents for the benefit of creditors, has a reasonable time within which to gain possession of the assigned property, and is not required to run a race with other claimants, in order that by first obtaining possession his title may be made perfect. Lowe v. Matson, 140 Ill. 108; Mann v. Reed, 49 Ill. App. 406.

The important question in this case is, therefore, when did the assignment take effect?

Deeds take effect so as to pass title only from delivery and acceptance. To an indenture there are always at least two parties.

Where a deed is probably beneficial to the grantee, it may reasonably be presumed that he will accept the same; and where a deed has been properly acknowledged and recorded, a delivery will be presumed, but this presumption, like all presumptions which exist only for convenience, will yield to the facts which may be established. Washburn on Real Property, Vol. 3, 309, Fifth Ed.

It is said that a deed when accepted relates back to the time of its execution and recording. This, as between the

grantor and grantee, may be so, but how as to the rights of third parties?

As an acceptance of a deed is as essential to the passing of title as is a delivery, it is difficult to see how a lien created prior to the acceptance, that is, prior to the passing of the title, can be divested by such acceptance. As to which, see Washburn on Real Property, Vol. 3, p. 310; Moore v. Flynn, 135 Ill. 74; Hulich v. Scovill, 4 Gilm. 159; Kingsbury v. Burnside, 58 Ill. 310; Union Mutual Ins. Co. v. Campbell, 96 Id. 267.

We do not regard the statement by the vice-president of the Title and Trust Company, that his company would act as assignee, as constituting an acceptance of a deed not then in existence. It is clear that the Trust Company was not bound by such promise, and might the next day have refused to accept the deed.

Before the assignee had in any manner accepted the assignment, or made itself a party thereto, appellants' attachment became a lien upon the property. Subject to such lien, the title was, by the assignment and the acceptance thereof by the Trust Company, transferred to the assignee.

The judgment of the County Court is reversed and the cause remanded, with directions to allow appellants a prior lien if they shall maintain their writ of attachment.