## ELISHA LEWIS *et al.*

### *v.*

## MONROE SWIFT.

1. EVIDENCE—*on a question of purchase.* In an action of replevin, where the plaintiff claimed title by purchase, as against an attaching creditor of the alleged vendor, it was *held,* on the question as to whether the plaintiff had, in fact, purchased the property, the jury might consider a previous claim by him, after the attachment was levied, under a chattel mortgage, and other statements in reference to the property, which he denied having made.

2. SALES OF PERSONAL PROPERTY—*delivery of possession.* The rule is, that a purchaser of personal property, in order to acquire title as against creditors of the vendor or purchasers without notice, must reduce it to actual possession before their rights attach.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

The opinion states the case.

Mr. C. A. LAKE, for the appellants.

Mr. W. H. RICHARDSON and Mr. H. L. RICHARDSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by appellants to recover a mowing machine and a horse rake, against appellee. It appears that appellee was a constable in the county of Kankakee, and had seized the property, under a writ of attachment from a justice of the peace, against one Faber, and in favor of James Campbell. It appears the levy was made in one or two days after Faber had left the State.

It appears that the property had previously belonged to appellants, who had sold it to Faber, on time, and took his

notes for the price.   Beebe, one of the appellants, swears that
he went twice to see Faber in reference to getting his pay, and
the second time bargained for and purchased the machines back
from Faber; that he took them at $130, and to apply on what
he owed appellants.   This, he states, occurred a week or ten
days before Faber ran away.   He says: "I considered I took
possession of them, as far as I could by eyesight," but did not
move or touch them; that they were in the open prairie, near
Faber's house; that the place where he bought them was about
four miles from his store.

There was other evidence tending to prove that Beebe offered
to sell the property to Strevalo, but he is not definite as to the
time when it was; but we might infer that it was after the
attachment was levied, as Strevalo states that Beebe wanted
him to remove the machine about three days before it was
replevied, and the agent of appellee swears that it was replev-
ied on the third day after the levy.   Beebe seems to have been
contradicted in his testimony, in reference to his statements of
his claim, made after the levy, and before he replevied the
property.   He was proved to have then placed his claim on a
chattel mortgage, and not on a purchase.   On the question as
to whether he in fact had purchased, the jury had a right to
consider his previous claim under a mortgage, and other state-
ments in reference to the property, which he denied having made.

But the principal question is, whether from their own evi-
dence, as detailed by Beebe, appellants, as to third persons, as
creditors or purchasers without notice, acquired any title.   The
rule is familiar that a purchaser, to acquire title as to such per-
sons, must reduce the property to actual possession before their
rights attach.

It is true, in some cases, where an actual delivery by taking
or removing the property is impracticable, a symbolical deliv-
ery will answer, such as the delivery of the key of a warehouse
containing the goods, or where the articles are cumbersome, a
delivery of a part in the name of the whole, followed by the
usual acts of ownership, will suffice.   Or, in some cases, the

delivery of documents evidencing title to property at sea, may be held to dispense with an actual delivery. Or where, by consent of the parties, the property is transferred to an agent of the purchaser, who undertakes to keep it for him. But in this case, none of these things were done. Beebe neither took the property into his possession, nor placed it in the custody of an agent. Strevalo lived near, and no doubt could have been procured to take charge of the machines, but he was not applied to for the purpose. Beebe only saw the property, and left it lying where he saw it. He did no act that would indicate that he was the owner.

In the case of *Burnell* v. *Robertson*, 5 Gilm. 282, the court held that a sale in St. Louis, of property in Illinois, and other States, did not pass the title as against attaching creditors before the property was reduced to possession; and in that case, the court refers to *Cobb* v. *Haskell*, 14 Me. 303, as illustrating the rule that governs in such cases. The facts of that case were, that a bill of sale was made of a quantity of boards, to secure a debt then due, and the vendor, pointing towards the boards, which laid in several piles in a lumber yard in sight, said to the vendee, there are your boards, take care of them and make the most of them, and the vendee having suffered them to remain in that place for two months without any further act on his part, when they were attached as the property of the vendor, it was held, that there was no sufficient delivery as against the attaching creditor. The case at bar is no stronger than that, if so strong. The jury were warranted in finding there was not such a delivery as prevented the creditor from seizing the property under his attachment. The instructions given presented the law of the case correctly, and the court did not err in giving them. The judgment of the court below is affirmed.

*Judgment affirmed.*