# WILLIAM LEFEVER

*v.*

# JOHN W. MIRES *et al.*

SALE — *delivery necessary, of personal property, as against creditors.* Where a tenant sells property on a farm of which he has possession, to the owner of the farm, without delivery of possession, either actual or symbolical, and the property remains on the farm where it was before the sale, the tenant still being in possession of the farm, the title to such property does not pass to the purchaser, as against a judgment creditor of the tenant.

APPEAL from the Circuit Court of Vermilion county; the Hon. O. L. DAVIS, Judge, presiding.

Mr. J. HARPER, for the appellant.

Messrs. MANN & CALHOUN, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The contest here is between appellant, as purchaser, and appellee, as judgment creditor, in regard to which has the prior right to certain hay and corn, and a cow.

The property originally belonged to one Brewer, against whom appellee's judgment was obtained, who was tenant of a farm of appellant for the year 1874.

Appellant claims that Brewer sold the property to him on the 21st of October, 1874, which was before the levy of appellee's execution. The corn and hay were raised on the farm of appellant, of which Brewer was tenant, and the hay was in stack and the corn cut up and in shocks on the land where grown, at the time of the alleged sale, and the cow was also then on the same farm.

The evidence fails to show other than a contract of sale. The property remained where it was before the sale—Brewer still being in possession of the farm—until the levy of the execution; and there is no proof of even a symbolical delivery to appellant.

It is argued that the court erred in instructing the jury that, to make the sale valid as against appellee, it was essential the proof should show that there was an actual delivery of possession to the appellant.

The rule undoubtedly is, as contended by appellant, where the goods are ponderous or bulky, or can not be conveniently delivered manually, there may be a symbolical delivery; but we are unable to see why there could not have been an actual delivery of, at least, the cow, here, even if it shall be conceded the shocks of corn and hay were too ponderous for manual delivery. But what act tending to show symbolical delivery can be claimed to have been proven? We have been unable to find evidence of any. It does not appear that the property was present when the contract for sale was made, or that anything else was done between the parties than merely to make the agreement to sell. The property remained in the possession, and, so far as the entire world could see, was still owned by Brewer, after as well as before the sale. This, as against creditors, in our opinion, was insufficient to pass the title.

There was no necessity for putting a qualification in the instruction not sustained by the evidence; and we are therefore of opinion the instructions wrought appellant no injury.

The judgment is affirmed.

*Judgment affirmed.*