## C. C. HOWDYSHELL AND JAMES B. SPEER

### v.

## MARY H. GARY.

*Landlord and Tenant—Distress—Construction of Statute—Proceedings against Original Tenant—Property of Assignee can not be Taken—Action of Trespass—Excessive Damages—Recoupment—Instructions.*

1. In a proceeding against the original tenant the landlord can not distrain the goods of said tenant's assignee, although they formerly belonged to the tenant and are found on the demised premises.

2. In an action of trespass to recover damages for wrongfully taking and selling the plaintiff's goods under a distress warrant against his assignor, it is *held:* That under the evidence the verdict for $1,500 damages is excessive; that it was error to instruct the jury that the selling price of the goods at the sale under the distress warrant could not be considered as evidence of the value of the property, and that the abandonment of the lease did not entitle the landlord to recover by way of recoupment the rent to accrue, the extent of his right to recover being limited to the damages sustained.

[Opinion filed August 30, 1886.]

APPEAL from the Circuit Court of Ford County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. TIPTON & MOFFETT, for appellants.

Our statute has modified the common law so as to exempt property of a stranger and enlarged so as to allow seizure in distress of any of the property of the tenant in the county.

But all modifications of common law are to be strictly construed, and under the construction placed upon such modification, the property that comes within the definition of "property of a stranger" must be that which is brought and placed on the premises by a stranger, and not that which is derived from the tenant and allowed to remain on the premises. If property is purchased of a tenant before the purchaser can deprive the landlord of his right of distress, as to the property so purchased, he must remove it from the premises before the landlord seizes it in distress. O'Hara v. Jones, 46 Ill. 288; Hadden v. Knickerbocker, 70 Ill. 677; Eames v. Mayo, 6 Ill. App. 334; Hastings v. Belknap, 1 Den. 190; Herron v. Gill, 112 Ill. 247.

While there is no lien on such property of the tenant for the rent, still there is the right to seize it as long as it remains on the premises.

As assignee, appellee stood simply in the place of J. S. Gary, Jr., her assignor—liable for all covenants in the lease, for all obligations in the lease contained—and the property therein was subject to same burdens in respect thereto by the appellant, Speer, as landlord, as it was if the bill of sale had never been made, as long as property remained on the premises. Coles v. Marquan, 2 Hill, 447; Babcock v. Scoville, 56 Ill. 461; Webster v. Nichols, 104 Ill. 160; LeGier v. Green, 61 Tex. 128; O'Hara v. Jones, 46 Ill. 288; Patty v. Boyle, 56 Miss. 491.

There was no sufficient delivery of the property in question by J. S. Gary, Jr., to Mary H. Gary, appellee, to pass title to her as against appellant. Richardson v. Hardin, 88 Ill. 124; Lewis v. Swift, 54 Ill. 436; LeFever v. Mires, 81 Ill. 456; Burnell v. Robertson, 5 Gilm. 282.

The evidence discloses no legal possession taken under the chattel mortgage. Gaines v. Becker, 7 Ill. App. 315.

Appellee, under the bill of sale which she claims, takes an assignment of the leasehold interest of assignor in the premises demised to him. As such assignee, she became liable for all rent that became due under said lease after she became

such assignee.    Babcock v. Scoville, 56 Ill. 461; Webster v. Nichols, 104 Ill. 160.

Messrs. Cook & Moffett, for appellee.

The statute limits the right of distress to the goods of the tenant. Gray v. Rawson, 11 Ill. 527; Uhl v. Dighton, 25 Ill. 154.

In none of the cases cited by appellants does it appear that property, other than crops, in the hands of a *bona fide* purchaser was held subject to the landlord's lien, and this without regard to the question of removal.

It is not necessary that "property that comes within the definition of 'property of a stranger' must be that which is brought and placed on the premises by a stranger." Gilbert v. Moody, 17 Wend. 354.

The sale was complete and title proved.    Ives v. Hulce, 14 Ill. App. 389; May v. Tallman, 20 Ill. 443; Hart v. Wing, 44 Ill. 141.

At common law landlord can only distrain for rent due. Taylor's Landlord and Tenant, Sec. 573.

Trespass will lie for an illegal distress.    Taylor's Landlord and Tenant, Sec. 768.

Any unlawful interference with the property of another is sufficient to maintain this action.    Allen v. Crary, 10 Wend. 349; Connah v. Hale, 23 Wend. 462.

What the property sold for at sale is not competent to prove value.    Whitaker v. Wheeler, 44 Ill. 440.

Wall, J.    This was an action of trespass.    It appears that J. S. Gary leased certain lots in the town of Gibson, upon which he erected works for the manufacture of flax.    The lease was in writing and was to run five years from July 10, 1882.    Gary failed and transferred the property to his mother, the appellee, living in Ohio, who sent another son to take charge of the property and, as it seems, determined to abandon the business and began to remove the machinery.    At this point Speer, the lessor, claiming there was due him for rent $100, placed a distress warrant in the hands of Howdyshell,

a Constable.   The warrant directed a levy upon the property of J. S. Gary, the lessee, and was levied upon certain of the machinery, etc., and such proceedings were had that at a sale subsequently held Speer bought the property in satisfaction of his claim.   This suit was brought by appellee against the appellants, Speer and Howdyshell, and recovery predicated upon the proposition that under the distress warrant against J. S. Gary it was unlawful to levy upon the property of appellee, though it might be upon the premises and might have been placed there and formerly owned by the lessee.   This question was presented by the pleadings, and the court, by its rulings, sustained the view of the plaintiff and held that such a levy was unlawful.   In this we concur with the court.   Our statute, Sec. 16, Ch. 80, provides that the landlord may seize, for rent, any personal property of the tenant that may be found in the county, but in no case shall the property of any other person, though the same may be found upon the premises, be liable to seizure for rent due from such tenant.   This provision is a modification of the common law right in such cases and must control.   The language is general and is not subject to construction—in no case shall the property of any other person be seized.   The right to levy must be determined by the ownership of the property sought to be reached at the time of the levy, or perhaps of the delivery of the warrant to the officer. There is no lien except as to crops grown upon the premises. Herron v. Gill, 112 Ill. 247.   It is not material that the property formerly belonged to the tenant or that it is still on the leased premises.   If it has by a legal sale and delivery passed to another, it is not the subject of a levy under a distress warrant against the goods of the tenant.   It is true that the statute provides, Sec. 32, that when the lease has been assigned the landlord shall have the same right to enforce his lien against the assignee that he has against the tenant, but in such case he should proceed against the assignee.   It is not competent to proceed against the original tenant and take the goods of the assignee.

This disposes of the main question in the case, but assuming appellee was entitled to recover it is urged the verdict is

grossly excessive.    We are strongly impressed with the belief that the damages allowed, $1,500, are much too high.    The defendants were evidently not guilty of such acts as to make them liable for punitive damages, and as we read the evidence the actual damages by any fair computation, making reasonable allowance for differences of opinion of the witnesses, should have been much less than the sum fixed by the jury.

The court, by its first instruction, told the jury that "what the property sold for on the day of sale under the order of sale in evidence is not to be considered by you as evidence of the value of property."

It was error to give this instruction.    It is no doubt true that such a sale is not conclusive evidence of the value, but it may under some circumstances be quite satisfactory. Roberts v. Dunn, 71 Ill. 46.    When due notice is given and the attendance is considerable and the bidding active the result would test very fairly the cash value of the article sold.    It was not for the court to say that under the circumstances of this sale the price realized was no evidence of the value.

It is urged that as the lease was abandoned the lessor might have recovered the whole amount of rent to accrue under the lease, and reference is had to section 33.    We think this section applies only to a distress upon crops and does not cover this case, and that the court ruled properly in refusing instructions asked upon this point.

The court did instruct that the amount of rent due might be recouped, and we think, if asked to do so, it might go further and instruct that if the lease was abandoned the whole damage thereby occasioned to the lessor is a proper subject of recoupment in this action.    As the lessor does not lose the use of the premises during the whole term he is not necessarily damaged the full amount that he would have received for rent.    What his damage would be by reason of the breach of contract in such a case need not be discussed here.

For the error in giving the instruction referred to and because the damages are excessive, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*