PETER LAPP ET AL.

V.

ALEXANDER PINOVER ET AL.

*Trover—Right of Possession—Sales—Instructions.*

1. The plaintiff can not recover in an action of trover, unless he had the right to immediate possession of the goods in question at the time of their conversion.

2. A re-sale of goods to the vendor, the possession remaining with the vendee, is void as to a subsequent *bona fide* purchaser without notice.

3. An instruction which purports to embrace every element essential to a recovery, is defective if any material element is omitted.

[Opinion filed August 8, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

This was an action of trover by appellees against appellants to recover for an alleged wrongful conversion by the latter of

a quantity of jewelry, the goods, etc., of the former. Upon a trial, under the general issue, the appellees had judgment upon a verdict for $891.50 damages, besides costs, from which the defendants took this appeal.

It appears that the plaintiffs below, being wholesale dealers in jewelry in the city of New York, June 24, 1884, sold and delivered to one W. T. Carinder, at Kansas City, Missouri, where the latter was carrying on a retail business in jewelry, etc., the jewelry in question; that Carinder had the same in his possession; but that July 22, 1884, an arrangement was entered into between him and plaintiffs whereby Carinder surrendered up the bill of sale of June 24, 1884, to the plaintiffs, and the goods were entered on their books as held by Carinder under a consignment, and a memorandum to that effect was sent by the former to the latter, the possession of the same by Carinder remaining unchanged. It appears that Carinder had sold two articles of said jewelry for which he did not account to plaintiffs, and that September 4, 1884, he pledged the whole of the remainder of said goods, with others, and delivered them into the possession of one Schwartz, a pawnbroker, as security for a loan of $1,100, made by the latter to him; that September 5, 1884, Carinder, in consideration of a past indebtedness of some $2,200, due from him to the defendants, and advances then made by them for him, sold his entire stock of goods, including the jewelry in question, to defendants, who took possession thereof after redeeming the same from said pawn and the levy of a writ of attachment.

There was evidence tending to show that defendants, before they completed said purchase, had notice that Carinder held the goods in question upon consignment. But, as to that, the evidence was conflicting. The court, at the instance of the plaintiffs, gave to the jury the following instruction:

"For the plaintiffs, the court instructs the jury, that if they believe, from the evidence, that the goods in question in this suit were, at the time they were taken by the agents of the defendant, in the possession of Carinder on memorandum or on consignment, and that the defendant, while such goods were so held by Carinder on memorandum or on consignment,

obtained possession of the same out of the usual order of sale or course of business and converted the same to their own use, then you will find for the plaintiffs."

To the giving of which instruction the defendants then and there duly excepted.

Mr. S. S. GREGORY, for appellants.

Messrs. ABBOTT & BAKER, for appellees.

McALLISTER, J. The sale and delivery of the goods in question, June 24, 1884, by the plaintiffs to Carinder, vested in the latter the title to the goods. And the re-sale of them back to plaintiffs, July 22, 1884, by Carinder, being without any change of possession of the goods, would, if entirely formal in other respects, be void as to *bona fide* creditors, purchasers or pledgees, without notice. Ketchum v. Watson, 24 Ill. 591; Lewis v. Swift, 54 Ill. 436; Thompson v. Wilhite, 81 Ill. 356; Lefever v. Mires, 81 Ill. 456; Gradle v. Kern, 109 Ill. 557; Bastress v. Chickering, 18 Ill. App. 198.

The instruction given by the court to the jury set out in the statement of the case, purports to instruct the jury as to all the elements of the case essential to a recovery. That instruction contains no hypothesis as to whether the plaintiffs reduced the goods to possession, upon the re-sale of them; or whether the defendants had notice of the arrangement that Carinder was holding them as upon a consignment from plaintiffs. The defendants claimed the goods as purchasers from Carinder in good faith and without notice. That was one of the issues upon the trial as to which the evidence was conflicting, and it should have been submitted to the jury in that instruction.

It is essential to the right of recovery in trover, that the plaintiff had the right to an immediate possession of the goods at the time of the conversion. Eisendrath v. Knauer, 64 Ill. 396; Calwell v. Corwin, 9 Yerg. 199; Burton v. Tunnehill, 6 Blackf. 470; Redman v. Gould, 7 Blackf. 361; Lewis v. Mobley, 4 Dev. & B. 323; 1 Chit. Pl. 151; 2 Greenl. Ev. Sec. 636.

The instruction under consideration wholly fails to embody any proposition of that kind. It was radically defective; and there being a conflict of evidence upon the question of notice to the defendants, the judgment must be reversed and the cause sent back for trial.

*Reversed and remanded.*