## Laura U. Elliott v. Emerson Piano Co., Patrick H. Powers et al.

1. SALES—*Providing for Possession in the Purchaser, and Title in the Vendor.*—A contract for the sale and delivery of the immediate possession of a piano to a purchaser, but providing that the title remain in the vendor until all payments for it are made, and when so made

to vest in the purchaser, and permitting the vendor to retake possession or to enforce payment of the amount due, at his option, is, in effect, a sale and delivery of the piano, and although the parties agree, as between themselves, that the title is to remain in the vendor, as to third parties without notice such title vests immediately in the purchaser, the piano being in the possession of the purchaser.

2. SAME— *Having the Effect of Mortgage Liens upon the Property Sold.*—Every conveyance of personal property, having the effect of a mortgage or lien upon such property, to be valid as against the rights and interests of third persons, must provide for the possession of the property to remain with the grantor, and be acknowledged and recorded.

**Replevin,** for goods distrained for rent. Trial in the County Court of Cook County, on appeal from a justice of the peace; the Hon. WALES W. WOOD, Judge, presiding. Finding and judgment for plaintiffs. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed January 24, 1899.

This was a replevin suit by appellees to recover a piano, taken by appellant from one Roberts under a distress warrant for rent. Appellees claimed to be the owner of the piano. They had sold it to Roberts about two and one-half years before, to be paid for in small payments, under a contract in which he agreed that the piano should remain the property of the appellees until paid for. The piano had remained in Roberts' possession. He had paid $146 out of the purchase price of $365. It is now said to be worth about $175 or $180. Testimony was admitted tending to show that Roberts had stated to appellees, about a month before the distraint, that he would like to return the piano and cancel the contract, as he could not keep up the payments, owing to his wife's illness; but that he wished to retain the piano until he could take his wife away, and would notify appellees when he was going; that this was agreed to, and it was understood the piano was to remain in Roberts' possession two or three months longer. It does not appear, however, that the contract of sale to Roberts was ever actually canceled.

JONES & STRONG, attorneys for appellant.

JOHN C. TRAINOR, attorney for appellees.

Mr. Presiding Justice Freeman delivered the opinion of the court.

The contract with Roberts was in form and effect a promissory note and chattel mortgage. It provided that the " instrument is and shall remain the property of the said Emerson Piano Co." until all the payments for it should be made; but it also provided that when they were made the " full, absolute and complete title " should vest in the purchaser. It contemplated immediate delivery of the piano to Roberts and allowed him its possession and use. It permitted appellees to " retake possession " or to enforce " payment and collection" of the amount of the purchase price at their option. The language of the contract indicates a sale and delivery of the piano, and although the parties agreed as between themselves that the title should remain in appellees, as to third parties without statutory or other notice it vested immediately in the purchaser. Blatchford v. Boyden, 122 Ill. 657, 668.

The statute provides that " no mortgage, trust deed, or other conveyance of personal property, having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interests of any third person unless * * * the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed, and every such instrument shall, for the purposes of this act, be deemed a chattel mortgage." Rev. Stat., Chap. 95, Sec. 1.

This contract must " be deemed a chattel mortgage." It was not acknowledged and recorded, as required by the statute, and was invalid as against third parties.

It is urged, however, that whatever right or title Roberts had under the contract was released and canceled November 9th prior to the distraint, and that " the piano became the property of the appellees." There is testimony to the effect that Roberts expressed a desire that appellees should take the piano back and cancel the contract. The memorandum of November 9th, entered on appellees' books, is as

follows: "Called and said could not make payment on account of sickness in family, and would like to keep piano. Arrangements made to leave piano for few months—say about January 21, 1897." This does not show a cancellation of the contract, nor any surrender on the part of Roberts. There was here no "legal sale and delivery" to appellees as in Howdyshell v. Gary, 21 Ill. App. 288, 291, cited by appellees' counsel, and there was no change in the relation of the parties nor in the possession or title to the piano. The agreement to return it or to receive it back and cancel the contract, if so made, was still unexecuted. The provisions of Sec. 16, Chap. 80, Rev. Stat., providing that "in no case shall the property of any other person," although found on the premises, be liable to seizure for rent, are not, therefore, applicable.

For the reasons indicated, the judgment of the County Court must be reversed and the cause remanded.