SCHILLER PARK COMPRESSED STEEL CORP., Plaintiff-Appellant, *v.* CHRISTOPHER BOEREMA *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 63053

Opinion filed January 19, 1977.

Joel L. Widman and Ilene A. Dobrow, both of Taussig, Wexler & Shaw, Ltd., of Chicago, for appellant.

F. Ronald Buoscio, of Buoscio & Buoscio, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

In April, 1975, plaintiff, Schiller Park Compressed Steel Corporation, filed a complaint in replevin against defendant, Christopher Boerema, seeking the possession of five steel boxes manufactured by Charles Nelson, a tenant of the defendant. After delivering to the plaintiff three boxes marked "SCA", defendant Boerema answered the complaint and

alleged, in pertinent part, that there was no evidence that the boxes in question were the property of the plaintiff and that defendant was entitled to distress for rent against the property of Charles Nelson for $2,250 in unpaid rent. After a trial, the trial court found that the boxes not marked "SCA" were not identifiable as property belonging to the plaintiff and that the landlord, Boerema, had a landlord's lien with respect to such boxes. Plaintiff then moved to modify the judgment, or, in the alternative, for a new trial. After a hearing, the trial court ordered that this motion be denied and from that order plaintiff now appeals.

Plaintiff contends in this appeal that the trial court erred in finding that the defendant was entitled to possession of the steel boxes by virtue of a landlord's lien.

We reverse and remand.

Defendant, Christopher Boerema, the owner of a warehouse located at 7541 West 71st Street in Bridgeview, Illinois, leased the above premises to a welder, Charles Nelson, whose business included the manufacture of steel container boxes. Prior to the initiation of the instant lawsuit, Charles Nelson vacated the premises owing defendant $2,250 in rent and leaving behind certain steel boxes both partially and fully fabricated.

In April of 1975, plaintiff, Schiller Park Compressed Steel Corporation, filed a complaint in replevin against defendant alleging that defendant had wrongfully detained five large steel boxes worth $7,500 and with the initials "SCA" welded thereon. Later the same month, defendant, counsel for plaintiff and plaintiff's agent appeared in court and pursuant to the judge's suggestion met at defendant's premises to determine if they could agree upon the delivery of certain boxes to plaintiff. After meeting at the premises, the defendant delivered to the plaintiff three boxes bearing the initials "SCA". Plaintiff then posted a replevin bond and a replevin writ was issued claiming "five (5) twenty cubic yards capacity steel boxes painted red." Pursuant to the writ, the sheriff of Cook County removed five additional boxes from the defendant's premises. Defendant, with leave of court, then filed an answer to the complaint in replevin in which he alleged, in pertinent part, that he was entitled to a distress for rent against the property of the tenant, Charles Nelson, for rent due in the amount of $2,150.

The cause then proceeded to trial at which Dale Pinkert, the president of Schiller Park Compressed Steel Corporation, testified that Charles Nelson, the welder, was fully paid for the manufacture of the steel boxes in question; that the boxes in controversy were unique because they were fabricated out of material furnished by the plaintiff and corresponded to dimensions specified by the plaintiff; and that he had visited the premises on prior occasions and had directed the manufacture of the boxes and had pointed out certain defects therein.

The defendant Boerema and Robert Van Vossen, a mason contractor and also a tenant of defendant, testified as follows: that Nelson's business consisted of accepting delivery of raw materials, including flat plates, and of furnishing the fabrication service; that the boxes in question were identical in appearance to other boxes which have been fabricated by the tenant; that the only distinguishing feature of any of the boxes on the premises of the defendant were the initials marked "SCA" on the boxes which defendant had allowed plaintiff to remove; and that the remaining boxes were indistinguishable from other boxes that had been fabricated for other parties. Defendant and Robert Van Vossen went on to state that they had never seen Dale Pinkert or any other representatives of the plaintiff on the premises on any occasion prior to the institution of the replevin proceedings.

As to the additional defendant, J. M. Junge Shingle Company, defendant stated that said defendant had not been a tenant of his for two years. Defendant indicated that his most recent tenant and the tenant against whom he was claiming a landlord's lien, was Charles Nelson. Defendant further attempted to introduce into evidence his lease with Charles Nelson to establish Nelson's tenancy from April 15, 1974, to April 14, 1975, and his lease with the J.M. Junge Shingle Company reflecting the expiration of said lease on April 30, 1973. Plaintiff objected to the introduction of the above leases into evidence. This objection was sustained by the trial court and the above leases were never received into evidence.

After hearing the above evidence, the trial court found that "the steel boxes marked "SCA' [initially] delivered to the plaintiff were properly distinguishable but that all other boxes removed from [defendant's] premises * * * were not identifiable as property belonging to the plaintiff and [were] improperly removed from said premises." The trial court's order concluded as follows:

> "NOW, THEREFORE, IT IS HEREBY ORDERED that all steel boxes which were not marked 'SCA' and not distinguishable as the separate property of the plaintiff are to be returned to the premises of the defendant, Boerema, it being established that he has a landlord's lien superior to the right of possession of the plaintiff with respect to such boxes. IT IS FURTHER ORDERED that no finding is made as to the ownership of the boxes and that the plaintiff's bond is allowed to stand as his appeal bond."

Plaintiff then filed a motion to modify the judgment or in the alternative for a new trial. After a hearing, during which the trial court noted that the plaintiff failed to establish a superior right to possession and that nobody presented evidence to establish ownership of the boxes in question, the trial court denied defendant's motion.

■■ Plaintiff contends in this appeal that the trial court erred in finding that defendant was entitled to possession of the property by virtue of a landlord's lien. A landlord has a statutory lien on crops grown or growing on the demised premises (Ill. Rev. Stat. 1973, ch. 80, par. 31) and may further acquite a lien on personal property of his tenant by contract (*Chicago Title & Trust Co. v. Corporation of Fine Arts Building* (1919), 288 Ill. 142, 123 N.E. 300). The instant case, however, is not one involving crops nor is there any evidence of a contract giving the landlord a lien on the personal property of his tenant. Indeed, the lease between Boerema and Nelson was never even received into evidence.

Defendant, however, in his answer to plaintiff's complaint in replevin claimed he was entitled to a distress for rent against the property of his lessee for the $2,250 in rent owed him. The procedures for commencing a distress for rent action are clearly outlined in section 16 *et seq.* of "An Act to revise the law in relation to landlord and tenant" (Ill. Rev. Stat. 1973, ch. 80, par. 16 *et seq.*). A concise summation of the procedure outlined in the above sections is contained as follows in *USA I Lehndorff Vermoegensverwaltung GmbH & Cie v. Cousins Club, Inc.* (1976), 64 Ill. 2d 11, 348 N.E.2d 831:

> "* * * The lessor commences a distress for rent action by executing a distress warrant. The lessor can either seize the tenant's property and remove it from the premises, or he distrains the property and allows it to remain on the premises. The lessor must inventory the property distrained and then file a copy of the inventory and of the warrant with the clerk of the circuit court. * * * Following the filing of the inventory and the warrant, the clerk issues a summons for service upon the tenant. * * *" (64 Ill. 2d 11, 13, 348 N.E.2d 831.)

The instant record is completely devoid of any evidence that defendant followed any of the above procedures. A landlord who fails to follow the above procedures is not entitled to a lien on the property of his tenant based upon the above statutory provisions. *Campbell v. Kaczmarck* (1976), 39 Ill. App. 3d 465, 350 N.E.2d 97.

■■■ Furthermore, section 16 of "An Act to revise the law in relation to landlord and tenant" (Ill. Rev. Stat. 1973, ch. 80, par. 16) specifically prevents the seizure of property of any person other than the tenant even though such property may be found on the tenant's premises. (See also *Powell v. Daily* (1896), 163 Ill. 646, 45 N.E. 414.) At trial, defendant testified that he did not know who owned the boxes and the trial court's order specifically states that no finding was made as to the ownership of the boxes in question. Considering the relevant law and the record before us, we conclude that the trial court erred in finding that defendant had a landlord's lien.

Defendant, however, contends that plaintiff never proved his right to possession and therefore his replevin action must fail regardless of whether or not defendant has proven a landlord's lien. We are well aware that one who brings a replevin action must recover, if at all, on the strength of his own title and right to immediate possession (*Nassar v. Smith* (1974), 21 Ill. App. 3d 462, 315 N.E.2d 692) and that one who has no right to the possession of property cannot maintain a replevin action. (*Hanaman v. Davis* (1959), 20 Ill. App. 2d 111, 155 N.E.2d 344.) Thus, even though defendant did not prove his right to a landlord's lien on the boxes in question, plaintiff's action in replevin would have to fail if plaintiff had no right to possession of the boxes.

At trial, Mr. Pinkert testified that the boxes in question were manufactured out of material furnished by the plaintiff and that the welder was paid in full for his services. The testimony of defendant and Robert Van Vossen did indicate that it was a common practice for the welder to accept materials from customers and manufacture the steel boxes out of these materials and that it was impossible to distinguish the boxes plaintiff was claiming from other boxes in the warehouse. However, neither defendant nor Mr. Van Vossen presented any evidence concerning the ownership of the boxes in question. Furthermore, the trial court speaks of a "superior right to possession" both in its order and at the hearing on plaintiff's post-trial motion. The trial court further stated at the hearing on the post-trial motion that nobody presented evidence to establish ownership of the boxes. In light of Mr. Pinkert's testimony, however, it is clear that plaintiff did present such evidence.

■■ Considering the record as a whole and the language of the trial court's order, we cannot tell whether the trial court found that plaintiff had failed to prove a lawful right to possession of the boxes in question, or whether the plaintiff, having proven such a right to possession, had a possessory interest inferior to defendant's lien. Considering the above and the fact that defendant failed to present any evidence supporting the finding of a landlord's lien, we reverse the order of the trial court and remand the cause for a determination of whether plaintiff had proven a lawful right to possession of the property. By this opinion we do not intend to preclude either party from offering additional evidence as to who is entitled to possession of the property in question.

For the above reasons, the order of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Order reversed; cause remanded.

McNAMARA and MEJDA, JJ., concur.