H. L. MILLER, Plaintiff-Appellant, v. CARL J. WOOTERS, Defendant-Appellee.

Fifth District   No. 5—83—0741

Opinion filed February 26, 1985.

George H. Huber and Richard O. Habermann, both of Vandalia, for appellant.

Edward C. Eberspacher, of Dove & Dove, of Shelbyville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

H. L. Miller, plaintiff, appeals from a judgment of the circuit court of Fayette County dismissing with prejudice his third amended complaint against Carl Wooters, defendant. Plaintiff's complaint al-

leged that defendant breached a contract between the parties under which defendant was to purchase plaintiff's 1974 Kenworth truck for $12,000. In dismissing the complaint, the court ruled that plaintiff had failed to plead sufficient facts to bring this case within the exception to the Statute of Frauds contained in the Uniform Commercial Code. (Ill. Rev. Stat. 1983, ch. 26, par. 2—201(3)(c).) For the reasons which follow, we reverse and remand for further proceedings.

The Statute of Frauds set forth in the Uniform Commercial Code provides that a contract for the sale of goods for $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that such a contract has been made between the parties. (Ill. Rev. Stat. 1983, ch. 26, par. 2—201(1).) In this case, plaintiff does not argue on appeal that there exists a writing sufficient to show that a contract was made, but relies on the statutory exception which waives the writing requirement "with respect to goods for which payment has been made and accepted or which have been received and accepted" (Ill. Rev. Stat. 1983, ch. 26, par. 2—201 (3)(c)). Plaintiff's amended complaint alleged, in pertinent part:

"3. That the Defendant, in consideration of Plaintiff conveying title to said vehicle and delivering possession to Defendant, gave to Plaintiff his check in the sum of Twelve-thousand dollars ($12,000.00), being the agreed full purchase price which was accepted by Plaintiff as payment in full at which time the Defendant accepted delivery of the said vehicle.

4. That the Plaintiff thereupon endorsed the title to Defendant and delivered the title to him and obtained a release of lien from the First National Bank of Vandalia, Vandalia, Illinois, based upon the subsequent delivery of Defendant's check to the said bank.

* * *

6. That the Defendant herein has refused to abide by the terms of the agreement and has issued a stop payment order on the check which action of Defendant was willful and has caused the Plaintiff to suffer damages * * *."

Attached to plaintiff's complaint is a photocopy of what appears to be a check in the amount of $12,000 made out from defendant to plaintiff. This document contains the notation "74 Kenworth" in the lower lefthand corner, and is marked "STOP PAYMENT" in two places.

In defendant's motion to dismiss the complaint, he alleged that the contract was not taken out of the Statute of Frauds, in that payment had not been made and accepted or the goods had not been received and accepted. Appended to the motion to dismiss was an affi-

davit of defendant, in which he stated:

"2. That he has never made any payment for the 1974 Kenworth semi-trailer tractor, Model number K-125, serial number 227254.

3. That within one (1) working day after first having an opportunity to inspect the said tractor, he signified to H.L. Miller that he would not retain them by reason of their non-conformity to the representations made.

4. That within one (1) working day of the first opportunity to inspect the said goods, he notified H.L. Miller that he rejected the goods and returned the physical possession of the said goods to H.L. Miller, and that H.L. Miller, upon information and belief, took the goods and sold them to a third party."

In granting the motion to dismiss the complaint with prejudice, the court made a docket entry indicating, in part, that "had payment been made and accepted there would be no lawsuit." A motion for reconsideration of the court's ruling was denied, and plaintiff filed timely notice of appeal.

While our research discloses no Illinois case on point, examination of relevant authorities from other States leads us to conclude that the court erred in holding, based on the facts before it, that payment for the truck had not been "made and accepted." Plaintiff's third amended complaint alleged that defendant gave plaintiff a check for the truck, and that defendant stopped payment on the check; defendant's affidavit, while stating that legal conclusion that payment had not been made, does not deny that defendant initially gave the check to plaintiff, or that the check was originally intended to be in payment for the truck. It has been recognized that delivery of a check by the buyer to the seller constitutes a "payment" within the meaning of the statute in question (*Kaufman v. Solomon* (3d Cir. 1975), 524 F.2d 501, 502), and that the stopping of payment on the check by the buyer is of no legal significance regarding whether or not an enforceable contract came into being upon the delivery and acceptance of the check. (*Cohn v. Fisher* (1972), 118 N.J. Super. 286, 287 A.2d 222; *Presti v. Wilson* (E.D.N.Y. 1972), 348 F. Supp. 543.) The rationale for this rule was expressed in *Cohn v. Fisher*:

"The fact that defendant had stopped payment on the check is of no legal significance. As stated by Professor Corbin, 'The requirements of the statute [Statute of Frauds] are satisfied even though the drawer of the check causes its dishonor by stopping payment; the oral contract is still enforceable and the holder can maintain suit against the drawer for the amount of

the check.' Corbin on Contracts, sec. 495 (1950). The Uniform Commercial Code takes the same view in N.J.S.A. 12A:3-802(1)(b) [Illinois version at Ill. Rev. Stat. 1983, ch. 26, par. 3—802]: 'If the instrument is dishonored action may be maintained on either the instrument or the obligation.' Thus, a subsequent stop-payment order has no bearing on whether or not an enforceable contract came into being upon the delivery and acceptance of the check." 118 N.J. Super. 286, 297, 287 A.2d 222, 228.

This holding appears to be the product of sound reasoning, and we elect to follow it here. Accordingly, since plaintiff's third amended complaint sets forth facts which, if true, bring the instant contract within the "payment made and accepted" exception to the Statute of Frauds, and since defendant's affidavit offers only a bare legal conclusion to the contrary, the judgment dismissing the complaint must be reversed, and this cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

JONES, P.J., and WELCH, J., concur.