DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, American Family Insurance Company, appeals from a judgment entered in the Lucas County Court of Common Pleas, denying in part, their motion for summary judgment. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} This case arose from a single car accident. In 2003, Geri Williams and Deanna Mountjoy lived together. During that time, Williams owned a 1998 Plymouth Breeze which was insured under a policy provided by appellant. While Williams owned the car, Mountjoy used it freely with Williams' permission. Later in 2003, Mountjoy moved out of the residence that she shared with Williams. She then purchased the 1998 Plymouth Breeze from Williams. Weeks after the purchase on October 25, 2003, in Henry County, Ohio, 13 year old Mary Schiewe was driving the car when it ran into a ditch. In the front passenger seat was Deanna Mountjoy. Seated in the rear passenger seat was 14 year old Christopher Collins. On August 23, 2005, Collins and his parents filed a complaint for personal injuries and declaratory judgment against Schiewe and her father, Mountjoy, Gerri Williams and appellee, Farmers Insurance of Columbus, Inc. Collins was insured under a policy issue by appellee. The Collins alleged that Williams was the owner of the vehicle and that she was liable because she negligently entrusted the vehicle to Mountjoy.
 {¶ 3} On October 17, 2005, appellant, Williams' auto insurer, filed a motion to intervene. The court granted its motion and appellant filed an intervenor's complaint for declaratory judgment alleging that neither Schiewe nor Mountjoy qualified as "insureds" under Williams' policy. On June 28, 2006, appellant filed a motion for summary judgment arguing that there were no material issues of fact in dispute regarding coverage of Mountjoy and Schiewe. On May 11, 2007, the court denied appellant summary judgment on the issue of coverage. Appellant now appeals setting forth the following assignments of error: *Page 3 
 {¶ 4} "I. The trial court erred in determining that intervenor, American Family Insurance Company owed liability coverage and a duty to defend appellees, Mountjoy and Schiewe in this litigation.
 {¶ 5} "II. The trial court erred in applying R.C. 1302.42(C) rather than R.C. 1302.42(B) to determine whether title to defendant Williams' vehicle had passed to Mountjoy prior to this accident.
 {¶ 6} "III. The trial court erred in determining that the American Family policy issued to Williams was in full force and effect at the time of the accident despite the non-assignment provision in the policy.
 {¶ 7} "IV. The trial court erred in determining that appellees, Schiewe and Mountjoy were `insureds' under the American Family policy.
 {¶ 8} "V. The trial court erred in not applying the American Family Policy exclusion to liability coverage for bodily injury and property damage occurring while the insured vehicle is leased or rented to others."
 {¶ 9} Appellant's first three assignments of error will be addressed together. Appellant contends that the court erred in finding that Williams owned the car for purposes of insurance coverage.
 {¶ 10} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 11} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can *Page 4 
come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 12} Appellant, in their brief, addressed the first three assignments of error together as will we. Appellant contends that Williams' policy was void because Williams no longer had an insurable interest in the car. This is because weeks before the accident, Williams sold the car to Mountjoy. Acknowledging that Williams had sold the car to Mountjoy, appellee contends that because Williams had not yet transferred title of the car to Mountjoy on the day of the accident, Williams still had an insurable interest in the car and appellant was obligated to provide coverage to Schiewe and Mountjoy as permissive users.
 {¶ 13} "It is a universal rule of insurance law that a person taking out a policy must have an insurable interest in the subject matter of the insurance." Phillips v. Cincinnati Ins. Co. (1979),60 Ohio St.2d 180. "`A person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction.'" Id., quoting 3 Couch on Insurance 2d 86, Section 24:13.
 {¶ 14} In Smith v. Nationwide Mut. Ins. Co. (1988), 37 Ohio St.3d 150, a mother gave her car to her son. Her son purchased an insurance policy with Nationwide for the car but the title remained in his mother's name. The next year, Smith purchased the car from the son. Smith was given the title to the car. Son's mother had signed the title but *Page 5 
her signature was not notarized. Smith did not obtain insurance for the car and Nationwide was not notified that son had sold the car.
 {¶ 15} The following year, Smith was driving the car when another motorist negligently struck him. Smith sought underinsured motorist benefits from Nationwide which they denied on the basis that son, the policyholder, no longer held an insurable interest in the car. Smith contended that because the title was faulty, ownership of the car never transferred to him.
 {¶ 16} The Supreme Court of Ohio held that "[T]he criteria found in R.C. 1302.42(B) * * * identify the owner of a motor vehicle for purposes of determining insurance coverage in case of an accident." R.C.1302.42(B) provides:
 {¶ 17} "Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place;"
 {¶ 18} Applying the foregoing, the Supreme Court of Ohio found Smith to be the owner of the car and therefore not entitled to coverage by Nationwide.
 {¶ 19} The Fourth District Court of Appeals analyzed and applied the basic holding in Smith in Grange Mut. Cas. Co. v. Smith (1992),80 Ohio App.3d 426, motion to certify denied (1992), 65 Ohio St.3d 1436. The relevant facts are as follows. Smith owned a 1971 Chevrolet Impala and had it insured under a policy issued by Grange. He lived with his stepdaughter and allowed her to regularly use the car. After his stepdaughter moved out of his home, she continued to possess and use the car. Soon, she *Page 6 
became interested in buying the car but Smith transferred it to her as a gift. Shortly after that but before Smith had transferred title to his stepdaughter, her fiancé, as a permissive user, was involved in an accident.
 {¶ 20} As in the instant case, the issue of car ownership for purposes of liability coverage arose. The trial court in Grange held that R.C.1302.42(C), as opposed to (B), applied to determine ownership. R.C.1302.42(C) states:
 {¶ 21} "Unless otherwise explicitly agreed where delivery is to be made without moving the goods:
 {¶ 22} "(1) If the seller is to deliver a document of title, title passes at the time when and the place where the seller delivers the documents.
 {¶ 23} (2) If the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting."
 {¶ 24} The Fourth District Court of Appeals agreed with the analysis of the trial court and distinguished its facts from the facts in theSmith case.
 {¶ 25} "Both R.C. 1302.42(B) and (C) are specific provisions of Ohio's enactment of the Uniform Commercial Code. R.C. 1302.42(B) contemplates physical delivery of the subject goods whereas R.C. 1302.42(C) contemplates `delivery' where the goods are not to be moved. See Official Comment to UCC Section 2-401; Anderson, supra; cf., also,Alford v. Neal (1988), 229 Neb. 67, 425 N.W.2d 325; Superior Partners v.Professional Edn. Network, Inc. (1985), 138 Ill.App.3d 226,93 Ill.Dec. 8, 485 N.E.2d 1218. In that the evidence in the case at bar indicated that [stepdaughter] had possession of the 1971 Chevrolet Impala at the time of the contract for sale, the trial court did not err *Page 7 
in determining that R.C. 1302.42(C) applied and that the syllabus ofSmith v. Nationwide Mut. Ins. Co. did not require a contrary holding. If we were to adopt appellant's interpretation, R.C. 1302.42(C) would never apply and we would be judicially amending R.C. 1302.42 to delete that subsection; the Ohio Supreme Court could not have intended such an incongruous result when it rendered its decision in Smith v. NationwideMut. Ins. Co." Grange, supra at 432. (See, also, Iker v. Estate ofJones, 169 Ohio App.3d 457, 2006-Ohio-5393, wherein court applied R.C.1302.42(B) because purchaser was not in possession of car until after sale was executed).
 {¶ 26} Appellant contends that R.C. 1302.42(C) only applies when there is no "delivery" and as Mountjoy had possession of the car, there was delivery and, thus, reliance on R.C. 1302.42(C) is misplaced. We disagree. R.C. 1302.42(C) specifically addresses delivery in situations where "the goods" are not moved. As in Grange, the evidence in this case shows that Mountjoy had possession of the car, or "the goods," before and at the time of sale. However, delivery as contemplated by R.C.1302.42(C) had not been made since Williams had not delivered the title. See Grange, supra at 432. As such, R.C. 1302.42(C) applies giving Williams an insurable interest in the car and liability coverage to Mountjoy and Schiewe under appellant's policy. Finally, appellant contends that Williams' policy was void because she never received permission from appellant to assign her interest in the policy to Mountjoy. This argument is without merit. As discussed above, Mountjoy enjoys her status as an insured because of Williams' ownership interest in the car, not by virtue of an assignment. Appellant's first three assignments of error are found not well-taken. *Page 8 
 {¶ 27} In their fourth assignment of error, appellant contends that Mountjoy and Schiewe do not meet the definition of "insured" under the terms of the policy. The relevant portion of the policy reads:
 {¶ 28} "Insured person or insured persons means:
 {¶ 29} "1. You or a relative.
 {¶ 30} "2. Any person using your insured car.
 {¶ 31} "* * *
 {¶ 32} "But the following are not insured persons:
 {¶ 33} "* * *
 {¶ 34} "2. Any person, other than a relative, using your insured car with your permission, but who exceeds the scope of that permission.
 {¶ 35} "3. Any person using the vehicle without the permission of the person having lawful possession.
 {¶ 36} "4. Any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission."
 {¶ 37} Appellant contends that while Mountjoy may have been a permissive user, she lost her status as an insured by exceeding the scope of Williams' permission, i.e, allowing a 13 year old to drive the car. As for Schiewe, appellant contends, she is not an insured because Mountjoy had no authority as an uninsured person to give Schiewe permission to operate the car. This argument fails as Williams specifically testified that she never placed any restrictions on Mountjoy's authority to determine who could drive the car. Appellant's fourth assignment of error is found not well-taken. *Page 9 
 {¶ 38} Appellant's fifth assignment of error requires us to find that Mountjoy leased or rented Williams' car at the time of the accident. Having already determined that Mountjoy had purchased the car, appellant's fifth assignment of error is found not well-taken.
 {¶ 39} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1